PETER J. GEENTY
*vs.*
BOARD OF ZONING APPEALS OF THE
CITY OF NEW HAVEN

Superior Court      New Haven County      File No. 57795

MEMORANDUM FILED JULY 26, 1940.

*Nathan G. Sachs,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* of New Haven, and *Harold C. Donegan,* of New Haven, for the Defendant.

QUINLAN, J.   The plaintiff, through an appeal from the board of zoning appeals of the City of New Haven, presents the question whether the board acted within the well-known principles governing such an administrative board in denying the plaintiff's application.

The application involved the use of a barn with dimensions of 35 by 60 that had been recently purchased by the plaintiff,

after inquiry by him of a clerk in the office of the building department elicited the answer that the property could be used for a commercial use.

In fact it had been so used, but not until after the adoption of the zoning ordinance, so that the question of abandonment of a commercial use is an academic one. *Lehmaier vs. Wadsworth*, 122 Conn. 571, 576; *Darien vs. Webb*, 115 id. 581. Before the board the principles of nonconforming use and abandonment were stressed, as well as practical difficulty and hardship to Mr. Geenty. From the board records it would appear that an endeavor was made to consider the plaintiff's position very fairly. However, the statement of the building department clerk was not binding on the city (*Walker vs. Waterbury*, 81 Conn. 13), and a careful search would have disclosed the true situation. Any money, therefore, that was spent by the plaintiff cannot be considered a practical difficulty in the light of our decisions on that question. *Comley, State's Attorney, ex rel. Rowell vs. Boyle*, 115 Conn. 406; *Thayer vs. Board of Appeals*, 114 id. 15, 22, 24; *Grady vs. Katz*, 124 id. 525.

As in all zoning cases I have carefully scrutinized all the circumstances, so far as the law permits, to see that a well-intended public policy, such as zoning, will not be applied harshly to a property owner.

"The temporary interruption or suspension of a nonconforming use without substitution of a conforming one or such a definite and substantial departure from previously existing conditions and uses as to signify an abandonment of the latter, does not terminate the right to resume them." *Lehmaier vs. Wadsworth, supra,* 576.

What were the previously existing uses and conditions? The building was constructed for a barn and used for a barn. What, then, is a barn? A barn is defined by Webster's New International Dictionary (2d ed. 1938) as "A covered building used chiefly for storing grain, hay, and other farm products. In the United States a part of the barn is often used for stables, sties, etc. . . . A building used for the keeping of horses, their hay and other feed, vehicles, etc." "The meaning of the word 'use' is not confined to describing the act of using, but may also be employed to describe that property of a thing which renders it suitable for a purpose." *People ex rel. Wohl vs. Leo,* 109 Misc. 448, 452, 178 N.Y.S. 851, 853.

The barn has never been converted to a conforming use and can be used for any barn purpose as above defined. This does not, however, contemplate its use as a garage. A garage is a new and different use from that of a barn. Any present use of the barn for other than barn purposes as above defined must be within the bounds of the zoning law of New Haven. That law, section 13, article 1, defines a private garage as "an accessory building used for the storage of not more than three automobiles, *not trucks,* space for one of which may be rented." Surely a public garage would not be permitted on the premises.

The foregoing defines the use to which the barn may be put, and it is regrettable the plaintiff did not employ more accurate means of determining the barn's use.

Of course, this is not a trial *de novo,* and evidence received is only in connection with the record the board had before it. *Blake vs. Board of Appeals,* 117 Conn. 527, 531; *Holley vs. Sunderland,* 110 id. 80, 82.

Accordingly, the conclusion of the board in denying the application was not illegal, unreasonable, arbitrary, nor an abuse of discretion, and judgment may enter for the defendant.