[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE FROM JURY DOCKET
On November 5, 1992, the plaintiff, Citicorp Mortgage, Inc., filed a four count complaint against the defendants, Burgundy Studios Associates, Peter R. Hicks, Elizabeth R. Hicks, Neal B. Glick, and Douglas Hicks. Count one of the complaint is a foreclosure action against all of the defendants, while counts two through four are collection actions against the various defendants. On November 22, 1993, the court entered an order staying the collection actions contained in counts two through four, pending adjudication of the foreclosure action contained in count one. On March 30, 1993, the defendants filed an Answer, Special Defenses and Counterclaims. Thereafter, the above-captioned case was placed on the jury list. The plaintiff's motion to strike from the jury docket certain of the defendants' counterclaims is presently before the court.
"The right to a jury trial is guaranteed by both the United States and the Connecticut constitutions. U.S. Const. amend. VII; Conn. Const. Art. I, § 19." Connecticut Bank Trust Co. v. Trolley Barn, 2 CONN. L. RPTR. 391 (1990) (Walsh, J.). This constitutional guarantee, however, applies only to legal issues, because the right to a trial by jury "does not extend to equitable claims." (Citations omitted.) Associated InvestmentCo. Ltd. Partnership v. Williams Associates IV, 230 Conn. 148, 153
(1994).
In the present case, the plaintiff argues that the defendants are not entitled to have a jury hear the present case, because an action to foreclose a mortgage is an equitable proceeding, the counterclaims and special defenses raised by the defendants are based in equity, and the right to a jury trial has not been extended to actions that are essentially equitable in nature. In response, the defendants CT Page 11596 argue that, while some of their counterclaims and special defenses present equitable issues, those counterclaims and special defenses which present legal issues should be heard by a jury, pursuant to General Statutes § 52-215 and Practice Book § 308. Specifically, the defendants argue that their first, third, and fifth counterclaims, as well as their fourth special defense, should be tried to a jury.
Generally, there is no right to a jury trial in an action to foreclose a mortgage, as such action is "peculiarly equitable." Northeast Savings F.A. v. Plymouth CommonsRealty Corp. , 229 Conn. 634, 641 (1994);Continental Bank. N.A. v. Willard Square Associates II Ltd.Partnership, 8 CSCR 513, 513 (1993) (Aurigemma, J.). "When legal and equitable issues are combined in a single action, [however], whether the right to a jury trial attaches depends upon the relative importance of the two types of claims." (Citations omitted; internal quotation marks omitted.) Northeast Savings F.A. v. Plymouth Commons RealtyCorp. , supra, 229 Conn. 641.
 Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed.
(Citations omitted; internal quotation marks omitted.) Id., 641. See also Commissioner of Environmental Protection v.Connecticut Bldg. Wrecking Co., 227 Conn. 175, 183,629 A.2d 1116 (1993) (jury trial required on legal claims joined in same action with equitable claims, if essential basis of action is such that the issues presented would be properly cognizable in an action at law, even though equitable relief is also requested).
To determine whether at action is essentially legal or equitable in nature, the pleadings must be examined in their entirety. Texaco, Inc. v. Golart, 206 Conn. 454, 459,538 A.2d 1017 (1988). Moreover, because a counterclaim is an CT Page 11597 "independent action"; see United States Trust Co. v. Bohart,197 Conn. 34, 45, 495 A.2d 1034 (1985); Home Oil Co. v. Todd,195 Conn. 333, 341, 487 A.2d 1095 (1985)"; "the question presented is whether the defendants' counterclaim is essentially legal or essentially equitable . . . in the context of the pleadings when read as a whole." (Citations omitted; emphasis added.) Northeast Savings, F.A. v. PlymouthCommons Realty, supra, 229 Conn. 641-42.
The defendants' first counterclaim and fourth special defense allege that the defendants sustained damages as a result of the plaintiff's breach of the implied covenant of good faith and fair dealing that it owed to the plaintiff. Specifically, the defendants allege that the plaintiff failed to cooperate with the defendants' plan for a rate relief workout, despite representations and assurances made by the plaintiff to the contrary. The court finds that the defendants' first counterclaim and fourth special defense are equitable in nature, because they stem directly from the defendants' alleged default on the note, and are incidental to, ancillary to, or collateral to the plaintiff's foreclosure claim. See United States Trust Co. v. Bohart, supra,197 Conn. 45 ("where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers"). Accordingly, the defendants are not entitled to have this claim tried to a jury. The plaintiff's motion to strike the defendants' first counterclaim and fourth special defense from the jury docket is granted.
The defendants' third counterclaim alleges that the defendants sustained damages as a result of the plaintiff's negligent selection and supervision of its property manager, as well as discharging the plaintiff's duties as a mortgagee in possession. The court finds that the defendants' third counterclaim seeking damages for negligent selection and supervision is legal in nature, and is not incidental to, ancillary to, or collateral to the plaintiff's foreclosure claim. See Northeast Savings F.A. v. Plymouth CommonsRealty, supra, 229 Conn. 642 (counterclaim seeking damages for negligence was "indisputably legal in nature"). Accordingly, the defendants are entitled to have this claim tried to a jury. The plaintiff's motion to strike the defendants' third counterclaim from the jury docket is denied. CT Page 11598
In their fifth counterclaim, the defendants allege a violation of the Connecticut Unfair Trade Practices Act ["CUTPA"]. Recently, the Connecticut Supreme Court specifically held that, "[b]ecause CUTPA creates an essentially equitable cause of action not substantially similar to common law claims triable to a jury prior to 1818, . . . a jury trial is not constitutionally required for actions brought under CUTPA." Associated Investment Co. Ltd.Partnership v. Williams Associates IV, supra, 230 Conn. 155. Accordingly, the defendants are not entitled to have their CUTPA claim tried to a jury. The plaintiff's motion to strike the defendants' fifth counterclaim from the jury docket is granted.
WALSH, JOHN, J.