[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #125
The plaintiff, the Village at Paugnut Forest Association, Inc., instituted this one count foreclosure action against the defendant, Debbie L. Wood,[1] seeking to foreclose upon a condominium common charge lien. The plaintiff's complaint alleges that under a declaration of condominium it is empowered to assess common expenses against unit owners and to maintain a lien against any condominium units to secure delinquent common charges. The plaintiff alleges that the defendant, the owner of unit 422 of the condominium, has failed to pay common expense assessments. The plaintiff alleges that it has perfected a statutory lien against the defendant's unit to secure payment of delinquent charges and assessments, and it now seeks to foreclose upon this lien.
The defendant filed an answer with four special defenses and a three count counterclaim. The special defenses alleged failure to comply with the by-laws and declaration of the association, failure to maintain the common areas, negligent misrepresentation and failure of consideration. The three count counterclaim alleged claims of failure to maintain the common areas in breach of the by-laws, rules and declaration; a violation of the Connecticut Unfair Trade Practices Act (CUTPA); and nuisance. On February 14, 1995, the court (Pickett, J.) granted the plaintiff's motion to strike these special defenses and counterclaims.
The defendant then filed amended special defenses and counterclaims. The defendant's five amended special defenses allege claims of negligent selection and supervision of a property manager, fraudulent inducement, estoppel, breach of an implied duty of good faith and fair dealing, and breach of a statutory duty of good faith under General Statutes Sec. 47-211. The amended four count counterclaim alleges claims of negligent management, fraudulent inducement, breach of a duty of good faith under General Statutes Sec. 47-211, and a violation of CUTPA. CT Page 5403
The plaintiff now moves to strike the amended special defenses and counterclaim on the grounds that they are not properly alleged in a condominium common charge foreclosure. In support of its motion, the plaintiff filed a memorandum of law. The defendant timely filed a memorandum in opposition in which she contends that the special defenses and counterclaims are properly alleged.
"The motion to strike, Practice Book, 1978, § 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 442
(Super.Ct. 1983). A motion to strike is also properly used to challenge the legal sufficiency of a counterclaim. Practice Book Sec. 152. The court must construe the allegations of the special defense or counterclaim "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465,471, 594 A.2d 1 (1991).
In a foreclosure action, defenses are generally limited to payment discharge, release, satisfaction or invalidity. ShawmutBank v. Wolfley, 9 CSCR 216 (1994) (Dean, J.). A foreclosure action, however, is an equitable proceeding where the trial court may consider all relevant circumstances to ensure that complete justice is done. Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982); see Hans L. Levi, Inc. v. Kovacs,5 Conn. L. Rptr. 260, 261 (1991) (Pickett, J.). "Therefore, many courts, exercising their equitable powers, have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as a valid defense to a foreclosure action."National Mortgage Co. v. McMahon, 9 CSCR 300 (1994) (Celotto, J.).
Courts have limited these equitable defenses to only those which attack the making, enforcement, or validity of a note or mortgage. National Mortgage Co. v. McMahon, supra, 9 CSCR 300, citing Shoreline Bank Trust Co. v. Leninski, 8 Conn. L.Rptr. 522, 525 (1993) (Celotto, J.). The rationale behind this limitation "is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action."National Mortgage Co. v. McMahon, supra. CT Page 5404
Furthermore, in actions to foreclose upon a common charge lien, such as this case, courts have refused to recognize special defenses or counterclaims as a matter of law. Wilton CrestCondominium v. Stern, 9 Conn. L. Rptr. 539, 541 (1993) (Leheny, J.); Casagmo Condominium Association, Phase II v. Kaufman,8 Conn. L. Rptr. 763, 8 CSCR 385 (1993) (McGrath, J.); Anchorage Condominiumv. Smith, 1 CSCR 841 (1986) (Harrigan, J.); see also Willow SpringsCondominium Assoc. Inc. v. Pereira, Superior Court, JD of Litchfield, No. 067067 (February 9, 1995) (Pickett, J.). These courts have relied on the fact that the "special defenses were not based on the lien which is the subject of the foreclosure, and the counterclaims did not arise out of the same cause of action as the foreclosure action." Wilton CrestCondominium v. Stern, supra 541; Anchorage Condominium, supra. Additionally, these courts have relied on the Common Interest Ownership Act, which provides that
 [n]o unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit against which assessments are made, except if every unit owner is so exempted from the payment of all or part of the expenses.
General Statutes Sec. 47-78 (a); Wilton Crest Condominium v. Stern,
supra 541. Since the Common Ownership Interest Act clearly indicates that unit owners are liable for common charges, these courts have held that, as a matter of law, "a validly levied common charge cannot be the subject of a special defense." Id. The defendant's amended special defenses do not allege that the common charge was not validly levied. Therefore, since a validly levied common charge cannot be the subject of a special defense as a matter of law, the motion to strike the special defenses is granted.
When a counterclaim in a common charge foreclosure does not relate to the associations' right "to collect common charges and to foreclose upon such charges not paid by individual owners under General Statutes Sec. 47-244 and 258, "the granting of a motion to strike the counterclaim is appropriate." Wilton Crest Condominiumv. Stern, supra 541. The defendant's counterclaims allege negligent management of property, fraudulent inducement, a breach of a duty of good faith under General Statutes Sec. 47-211 and a violation of CUTPA. All of these claims relate to the plaintiff's CT Page 5405 alleged failure to properly maintain, repair and replace the common areas and elements of the condominium, but they do not attack the condominium association's right to collect common charges and foreclose upon such charges that are not paid. In addition, the defendant's reliance on Citicorp Mortgage, Inc. v. Burgundy StudiosAssociates, 13 Conn. L. Rptr. 53 (November 18, 1994) (Walsh, J., J.) is misplaced since that case addressed the issue of whether there is a right to a jury trial for the defendant's claim of negligent selection and supervision of a property manager in a foreclosure action. This issue is not presently before the court. More importantly, the Burgundy Studios case was not a condominium common charge foreclosure. Id., 54. The amended counterclaims, therefore, are legally insufficient since they fail to relate to the association's right to collect common charges and foreclose upon charges that are unpaid. Thus, the plaintiff's motion to strike the counterclaims is granted.
It is important to point out that
 [t]he obligation to pay validly levied common charges is owed to all the other unit owners for their mutual good. The defendants' claims are analogous to a taxpayer's refusal to pay his validly levied property tax because his street has not been paved.
 Here, the defendants seek to avoid their fair share of the expense of the condominium operation because of their alleged grievances. Such action jeopardizes the entire community. If the defendants wish to pursue their grievances against the board, it must be done in a separate action, not by refusal to pay their common charges which is directed against the other unit owners' health and welfare, all of whom are entitled to having the budget funded by all the unit owners.
Anchorage Condominium v. Smith, supra, 1 CSCR 843.
For these reasons, the plaintiff's motion to strike the defendant's amended special defenses and counterclaims is granted.
PICKETT, J.