[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action brought by the plaintiff Condominium Association for failure of defendants' to pay common charges, plaintiff moves to strike defendants' special defense that plaintiff "failed to comply with its obligation pursuant to condo documents with regard to maintenance to property."
The Condominium Act, General Statutes §§ 47-68a et seq., provides at § 47-77 that all sums assessed by the Condominium Association but unpaid for the share of common expenses chargeable to any unit shall constitute a lien on the unit. The assessed common expenses do not, however, acquire the attributes of a property tax levied by a town. Whereas a tax payer who has not appealed the imposition of a tax cannot excuse his nonpayment on the grounds of the invalidity of the tax, a condominium owner retains the right to defend the enforcement of the statutory lien on the grounds the contracted-for services have not been rendered by the association. In that regard the defense is similar to the defense in a foreclosure of a mortgage that the underlying note lacks consideration.
Some Superior Court cases have stricken the special defenses of failure of the plaintiff condominium association to make repairs or provide services on the ground they do not attack the lien which is the subject of the foreclosure.Anchorage Condominium v. Smith, 12 CLT (Oct. 15, 1986, Schaller, J.); Wilton Crest Condominium v. Stern, 8 CSCR 955
(Aug. 12, 1993), Leheny, J.). This court disagrees. The statutory lien of § 47-77 does not exist independent of the underlying common expenses. If there is a validly stated defense to the payment of those expenses, it cannot be stricken because a foreclosure action is brought on the lien.
Section 47-78 provides that "the unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by abandonment of the unit . . . ." Casagmo CondominiumAss., Phase II v. Kaufman, 8 CSCR 385 (Mar. 15, 1993, McGrath, CT Page 8597 J.) interprets that statute as imposing a virtually absolute obligation on a unit owner to pay the common expenses. The reasoning is that the obligation runs to the benefit of all the unit owners and where the association has failed to provide the contracted-for services, it can be sued separately. Again this court agrees. If the services have not been rendered for which the common charges are imposed, any individual unit owner can interpose that defense to an action brought by the association to foreclose on the basis of unpaid charges.
For the foregoing reasons, this court denies plaintiff's motion to strike defendants' special defense.
Robert Satter State Judge Referee