[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the Plaintiff condominium association (the "Plaintiff") to foreclose its statutory lien securing the payment of common expense assessments, late charges, fines and interest charges. The relief sought includes, without limitation, a judgment of strict foreclosure, attorneys' fees and costs.
Defendant Kathleen O. Minneman (the "Defendant") is the owner of the subject unit. The Defendant has filed an answer and nine special defenses in response to Plaintiff's amended complaint (which answer and special defenses were subsequently amended as well). The Plaintiff has moved to strike the Defendant's first, second, sixth and seventh special defenses.[1] These special defenses generally allege that Plaintiff has (i) failed to maintain or otherwise provide services for the subject premises as required by the condominium documents (first and second special defenses), and (ii) caused the common charges to be inflated as a result of (a) the performance of repairs and services at an excessive cost and (b) Plaintiff's permitting of certain of its officers to benefit individually from the performance of such repairs and costs (sixth and seventh special defenses).
A motion to strike is the proper vehicle with which to CT Page 4659 contest the legal sufficiency of a special defense. Practice Book Section 152(5). The Court must construe the allegations of the pleading to be stricken in the manner most favorable to sustaining its legal sufficiency. Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). The facts to be considered by the Court on a motion to strike include the facts that are implied and fairly provable under the allegations. Westport Bank Trust Co. v. Corcoran, Mallin and Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). If the facts provable under the allegations of the subject pleading support a defense or cause of action, the motion to strike must fail, Mingachos v. CBS, Inc.,196 Conn. 91, 109, 491 A.2d 368 (1985); conversely, if such facts do not support a defense or cause of action, the motion to strike should be granted.
The scope of permissible defenses and counterclaims that may be raised in an action for foreclosure of a mortgage has not been the subject of universal agreement amongst our courts. However,
 [W]hen the foreclosure is by a condominium association against a unit owner and is predicated upon common charges, special assessments and other items made lienable by statute, the Connecticut cases do not exhibit diversity regarding special defenses and counterclaims. Their uniformity seemingly is derived from Gen. Stat. § 47-78 (a) as well as §§ 47-244 (a) and 47-258.
Watch Hill Condominium, Inc. v. Van Eck, 17 Conn. L. Rptr. No. 6, 198, 202 (1996) (Barnett, J.). This uniformity is reflective of the unique nature of a common interest community. In order to best serve the common interests of the entire community, associations such as the Plaintiff herein must be able to rely upon the timely receipt of anticipated revenues without the delay which would ensue if individual unit owners were permitted to withhold payment because of individual complaints or disagreements they may have regarding the nature and extent of services rendered.
The legislature has been clear in its intent to protect the financial integrity of common interest communities. See C.G.S. § 47-257 (g) (providing that a unit owner cannot unilaterally exempt him or herself from liability for payment of common expenses); C.G.S. § 47-244 (a)(10) (allowing a common CT Page 4660 interest community to impose charges, fines and interest for the late payment of assessments); C.G.S. § 47-258 (a) and (g) (granting a statutory lien on individual units to secure the collection of assessments and further providing for the recovery of costs and attorneys' fees incurred by the common interest community in enforcing its lien). Our courts have been equally clear and virtually uniform in the implementation of this legislative intent. With one exception[2], courts in this state have consistently stricken the types of special defenses which are the subject of Plaintiff's motion to strike. See MountainView Condominium Association of Vernon, Conn. Inc. v. RumfordAssociates IV, 3 Conn. Ops. 375 (1997) (Hammer, J.), Watch HillCondominium, Inc. v. Van Eck, 17 Conn. L. Rptr. 198 (1996) (Barnett, J.), Village at Paugnut Forest Association, Inc. v.Wood, 14 Conn. L. Rptr. 242 (1995) (Pickett, J.), FirstSeabreeze Association, Inc. v. Barnett, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 138851 (March 29, 1995) (Karazin, J.), Wilton Crest Condominium v.Stern, 9 Conn. L. Rptr. 539 (1993) (Leheny, J.), AnchorageCondominiums v. Smith, 1 CSCR 841 (1986) (Harrigan, J.),Breakwater Key Association, Inc. v. Monaco,16 Conn. L. Rptr. 282
(1996) (Tobin, J.), Cassagno Condominium Association, Inc.Phase II v. Kaufman, 8 CSCR 385 (1993) (McGrath, J.), West CoveMarina Corp. v. Ginsberg, Superior Court, Judicial District of New Haven, Docket No. 319121 (March 1, 1993) (Vertefeuille, J.). The Court concurs with the general reasoning of these decisions and, accordingly, grants Plaintiff's motion to strike Defendant's first, second, sixth and seventh special defenses.
The Court's ruling herein does not deprive the Defendant of any cause of action she may have against the Plaintiff arising from the allegations set forth in the first, second, sixth and seventh special defenses. Such claims may be affirmatively asserted in a separate action; they simply cannot be maintained as a defense in this action.
Dated this 23rd day of April, 1997 at Norwich, Conn.
Solomon, J.