[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Villa Sol D'Or ("Villa Sol") commenced the present action to foreclose a statutory lien against Mr. Surace on March 12, 1998. The complaint alleges the following: Pursuant to General Statutes § 47-244 (2) and the Declaration of Condominium, Villa Sol is empowered to assess common expenses against all units in the condominium in proportion to their respective percentage of interest in the common areas. Villa Sol is also empowered under the declaration and § 47-258 to maintain a lien against any unit to secure delinquent payments. Mr. and Mrs. Surace failed to pay all assessments due from July 1, 1997, to March 12, 1998. In total, Mr. and Mrs. Surace have failed to pay $2,238.64. Villa Sol recorded a notice of Lis Pendens in the Town of Waterbury Land Records providing notice of the pendency of this action. Mr. and Mrs. Surace were also served with a copy of the Notice of Lis Pendens.
Mr. and Mrs. Surace filed an answer and the following special defenses: Villa Sol has failed to repair the defendants' unit; The common assessment charges were increased without an explanation of how the additional money would be used; Villa Sol failed to provide adequate security; Villa Sol failed to make repairs; and Villa Sol failed to timely correct violations. Mr. and Mrs. Surace also filed a set off against Villa Sol by way of CT Page 8310 a counterclaim. The counterclaim alleges that Villa Sol is indebted to the defendants for attorney's fees that were awarded from a prior action. The counterclaim also alleges that Villa Sol is indebted to Mr. and Mrs. Surace for the amount it cost Mr. and Mrs. Surace to repair their unit.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of the answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152, now Practice Book (1998 Rev.) § 1039.
"In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
Villa Sol moves to strike all the special defenses raised by Mr. and Mrs. Surace as they are legally insufficient in a foreclosure action for nonpayment of common charges. Mr. and Mrs. Surace counter that the special defenses are legally sufficient.
"The scope of permissible defenses . . . that may be raised in an action for foreclosure of a mortgage has not been the subject of universal agreement amongst our courts. However, [w]hen the foreclosure is by a condominium association against a unit owner and is predicated upon common charges, special assessments and other items made lienable by statute, the Connecticut cases do not exhibit diversity regarding special defenses and counterclaims." (Citations omitted; internal quotation marks omitted.) Broad Street School CondominiumCorp. v. Minneman, Superior Court, judicial district of New London at Norwich, Docket No. 111179 (April 23, 1997, Solomon, J.).
The Superior Courts have stricken special defenses to foreclosure actions predicated upon nonpayment of common charges for several reasons. First, several Superior Courts have held that, as a matter of law, a validly levied common charge cannot be the subject of a special defense because it is clear that condominium unit owners are liable for common charges pursuant to the Common Interest Ownership Act. The Village at PaugnutCT Page 8311Forest Assn., Inc. v. Wood, Superior Court, judicial district of Litchfield, Docket No. 066351 (May 19, 1995, Pickett, J.) (14 Conn. L. Rptr. 242) (court granted plaintiff's motion to strike special defenses that claimed association made negligent misrepresentation and that association failed to maintain common areas).[1]
The Common Interest Ownership Act states in pertinent part: "No unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit against which the assessments are made, except if every unit owner is so exempted from the payment of all or part of the common expenses."
Additionally, in actions to foreclose upon common charge liens, several Superior Courts have refused to recognize special defenses that are not based upon the lien. Mountain ViewCondominium Assn. of Vernon, Connecticut Inc. v. RumfordAssociates, IV, Superior Court, judicial District of Tolland, Docket No. 055693 (March 4, 1997, Hammer, JTR) (court held that condominium associations failure to provide maintenance and repair services to common elements not a valid special defense).[2] Moreover, these courts have reasoned that special defenses that are not based on the lien should not be recognized as a matter of law, because the special defenses "do not satisfy the same transaction requirement . . . intimated for special defense in § 133 of the Practice Book." MountainView Condominium Assn. of Vernon, Connecticut. Inc. v. RumfordAssociates, supra, Superior Court, Docket No. 055693. See alsoWatch Hill Condominium. Inc. v. Van Eck, supra, Superior Court, Docket No. 344796; and The Villiage at Paucnut ForestAssn., Inc. v. Wood, supra, Superior Court, Docket No. 066351.
Furthermore, the Superior Courts have stricken special defenses that are not based upon the lien because in such instances, "the defendants seek to avoid their fair share of the expense of the condominium operation because of their alleged grievances. Such action jeopardizes the entire community. If the defendants wish to pursue their grievances against the board, it must be done in a separate action, not by refusal to pay their common charge which is directed against the other unit owner's health and welfare all of whom are entitled to having the budget funded by all the unit owners." First Seabreeze Assn.,Inc. v. Barnett, supra, Superior Court, Docket No. 138851. See also Casagmo Condominium Assn., Inc., Phase II v.CT Page 8312Kaufman, supra, Superior Court, Docket No. 303889 (court granted plaintiff's motion to strike special defenses that alleged condominium association charged excessive monthly rates); Breakwater Key Assn., Inc. v. Monaco, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301263 (March 7, 1996, Tobin, J.) (16 Conn. L. Rptr., 282) (court granted plaintiff's motion to strike special defense that alleged condominium association overcharged for services).
The special defenses raised by Mr. and Mrs. Surace in the present action are similar to the special defenses that were stricken in the above mentioned cases.
Villa Sol also moves to strike Mr. and Mrs. Surace's set off by way of counterclaim. Villa Sol argues that it is not a legally sustainable defense to the present action. Mr. and Mrs. Surace counter that General statute § 52-129 allows for the set off of mutual debts.
"Damages should not be awarded in favor of unit owners by way of a set off in an association's action to recover common charges because if a set off were allowed the result would be financial punishment against those innocent unit owners who made timely payments of their common charges. . . . The prevailing view followed by courts of other states, namely, that there is no right to a set off against lawfully imposed condominium charges has been adopted [by] a number of trial court decisions. . . ." (Citations omitted; internal quotation marks omitted.)Mountain View Condominium Assn. of Vernon Connecticut. Inc.v. Rumford Associates. IV, supra, Superior Court, Docket No. 055693. See also Breakwater Key Assn., Inc. v.Monaco, supra, Superior Court, Docket No. 301263.
In accord with the foregoing, plaintiff's motion to strike the defendants' special defenses and set-off is granted.
WEST, J.