[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In addition to the captioned case, this decision is to be filed in each of the following cases.
 Breakwater v. Bushelon CV93-0304363 S Breakwater v. Monaco CV93-0301262 S Breakwater v. Monaco CV93-0301263 S Breakwater v. Monaco CV93-0301275 S Breakwater v. Monaco CV93-0301266 S Breakwater v. Monaco CV93-0301267 S Breakwater v. Monaco CV93-0301275 S CT Page 1488 Breakwater v. Parillo CV93-0302350 S Breakwater v. Santoro CV93-0302351 S Breakwater v. Chinnici CV93-0301270 S Breakwater v. Chinnici CV93-0302342 S Breakwater v. Maddalena CV93-0302348 S Breakwater v. Hessels CV93-0302345 S Breakwater v. Pond CV93-0301268 S Breakwater v. Chartier CV93-0302342 S Breakwater v. Mascali CV93-0304361 S Breakwater v. Mascali CV93-0304364 S Breakwater v. Kozinn CV93-0301272 S
Plaintiff seeks payment of the assessment of common charges pursuant to Connecticut General Statutes § 47-258. Defendant sought to avoid payment by counterclaims and defenses. The counterclaims and defenses arose because a group of unit owners became dissatisfied with the way the original developer, Nicholas E. Owen, II, was managing the Association. These dissident unit owners felt that the Owens family was overcharging for service provided to the Association, including rental payments to Owen for a "guard house" owned by Owen but served no useful purpose to the Association. These unit owners also felt that the Owen family should have relinquished control of the Association upon the conveyance of all of the remaining units to a separate entity.
In a court approved stipulation "the defendants acknowledge their obligation to pay common charges and assessments and will do so pursuant to this agreement".
The parties have agreed that the remaining issues in this case are as follows:
A. A determination of the amount due, if any, of late charges, interest, attorneys fees and costs;
B. A determination of damages and losses suffered by the defendants generally and specifically and whether those damages and losses should be set-off against monies found due the plaintiff.
Section 47-244 (2) of the Connecticut General Statutes and the Declaration of the Breakwater Key Association, Inc. provides for the assessment of common expenses by the plaintiff. No unit owner may exempt himself from liability for payment of the common expense by waiver of the use or enjoyment of any of the common CT Page 1489 elements or by abandonment of the unit against which the assessments are made. G.G.S. § 47-257 (g).
Furthermore, fees, charges, late charges, fines and interest charged against a unit owner pursuant to Article XIX of the Declaration and the Common Interest Ownership Act. G.G.S. 47-258
(a) et seq., are enforceable as assessments.
A statute should be applied as its language directs, Brean v.Department of Liquor Control, 2 Conn. App. 628. When a statute is clear and unambiguous, the court should not speculate as to some supposed intention, Duguay v. Hopkins, 191 Conn. 222. Plaintiff merely seeks payment of the assessment of common charges pursuant to C.G.S. § 47-258. Defendants sought to avoid payment by counterclaims and defenses which are not valid defenses to a foreclosure. "The obligation to pay validly levied common charges is owed to all the other unit owners, for their mutual good. The defendant's claims are analogous to a taxpayer's refusal to pay his validly levied property tax because his street has not been paved." Anchorage Condominium v. Smith, 1 CSCR 841, 842 (October 16, 1986 Harrigan, J.). Also, Cassagno Condominium Association,Inc. Phase II v. Herman Kaufman, et al, 8 CSCR 385:
 "Here, the defendants seek to avoid their fair share of the expenses of the condominium operation because of their alleged grievances. Such action jeopardizes the entire community. If the defendants wish to pursue their grievances against the board, it must be done in a separate action, not by a refusal to pay their common charges which is directed against the other unit owners' health and welfare, all of whom are entitled to having the budget funded by all the unit owners."
The defendants should not have withheld the payment of common charges. Their grievances should have been pursued by a separate action.
Furthermore, the developer and its principal, Nicholas Owen II, had no right to terminate the defendants use of the common areas and facilities at Breakwater Key Condominium.
This court must weigh the competing equities. Two wrongs do not make a right.
If the court were to award damages, as a set-off against CT Page 1490 money damages due the plaintiff, the result would be financial punishment against those innocent unit owners who made timely payments of their common charges.
Therefore, the court finds for the plaintiff and awards late charges and interest on the past due common charges in accordance with the Declaration and Bylaws of Breakwater Key Association, In. and the provisions of the Connecticut Common Interest Ownership Act. Interest shall be calculated at the rate of eight (8%) percent per annum. There were some questions raised regarding the applicable rate and the court feels that eight (8%) percent represents a fair cost of borrowing money during the period in question. This award is, of course, in addition to the payment of all outstanding common charges which was agreed to in a Court Stipulation before the Honorable George N. Thim on July 12, 1985.
The court is not awarding damages and losses which may have been suffered by the defendants as a result of the actions of Nicholas Owen II, in denying the defendants the use of the common areas and facilities of Breakwater Key Condominium.
The court has had difficulty sifting through the pages of statements for legal services rendered in connection with these cases in order to award fair and reasonable attorney fees consistent with this opinion.
Plaintiff's Exhibit "AA", a statement from Charmoy Nugent, L.L.C., references "Chinnici, et al." The charges were obviously incurred in a separate action and are not allowed. The court will award fair and reasonable attorney's fees and costs as follows:
Plaintiff will be awarded fees for the collection of the common expenses, including the costs involved in defending the counterclaims and special defenses. No legal fees will be allowed for the furthering of Mr. Owen's scheme to deprive unit owners of the use of common areas and facilities.
Defendants will be awarded fees for the representation of the defendants who were denied the use of common areas and facilities. No legal fees will be allowed in connection with the withholding or escrowing of common charges.
The attorneys shall submit within ten days of the date of this opinion a summary of their fees, together with an affidavit CT Page 1491 setting forth the nature of the representation.
The court, after a review of the statements, will decide if a brief hearing will be required.
Judgment shall enter in accordance with this decision.
Dated at Stamford, Connecticut, this 6th day of March, 1996.
RICHARD J. TOBIN, JUDGE.