[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On November 21, 1996, the plaintiff, Bayview Condominium Association, filed a single-count complaint against Daniel Skibitcky (the "defendant") and Banc Plus Mortgage Corp., seeking foreclosure for collection of condominium common charges and fines assessed against the defendant. On December 12, 1997, the defendant filed a motion to dismiss the complaint, and a memorandum in support, based on the prior pending action doctrine. On January 20, 1998, the plaintiff filed an objection to the plaintiff's motion to dismiss.
The prior pending action rule states "that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." (Internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264
(1985). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.)Id., 652 n. 4. "We must examine the pleadings to ascertain whether the actions are `virtually alike' . . . that is, whether upon examination, the pleading reveals that the party seeks to obtain the same end or object . . . and to adjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.)Northern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93, 96,575 A.2d 711, cert. granted, 216 Conn. 810, 580 A.2d 61 (1990).
The defendant argues that the prior pending action doctrine applies to bar the plaintiff's present foreclosure action because of a prior action that the defendant filed in the Judicial District of New Haven, Skibitcky v. Bayview Condominium Assoc., Superior Court, judicial district of New Haven at New Haven, Docket No. 372550. The defendant asserts that this prior action challenges,inter alia, the validity of late fees and fines imposed upon the defendant, and charges the plaintiff with wrongly threatening foreclosure, violating the Federal Debt Collection Practices Act and misapplying common fee payments. Therefore, the defendant argues, the present foreclosure action involves a resolution of the same issues arising out of the same facts as the prior pending action, which the plaintiff could simply join in the prior action pursuant to Practice Book § 116. Accordingly, the defendant asserts, if the claims in the prior action are decided in favor of CT Page 4720 the defendant, "then the foreclosure action is defeated"; but if the claims are decided in favor of the plaintiff, "the court can enter a judgment of foreclosure." Defendant's Memorandum of Law in Support of His Motion to Dismiss.
The plaintiff counters that (1) the two lawsuits are not alike, and the dismissal of the present foreclosure action will deprive the plaintiff of the statutory right to collect the common charge assessment, and (2) since a foreclosure action is an equitable proceeding and the prior pending action is an action at law for damages, both suits cannot be combined.
An examination of the pleadings in both the prior pending action and the present action indicate that the two actions are not "virtually alike" but, rather, are entirely different. In particular, allegations not based on the underlying lien which is the subject of a foreclosure action "simply do not arise out of the same transactions as [a] foreclosure action, but rather from acts of the condominium association unrelated to the associations rights to collect common charges and to foreclose upon charges not paid by individual owners." Wilton Crest Condominium v. Stern, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300406 (August 13, 1993) (Leheny, J.) (9 CONN. L. RPTR. 539, 8 CSCR 955); see, e.g., Willow Springs Condominium Assoc. v.D'Angelis, Superior Court, judicial district of Litchfield, Docket No. 070811 (September 16, 1996) (Dranginis, J.) (17 CONN. L. RPTR. 586); see also Breed v. Fleet Bank of Connecticut, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 505663 (August 14, 1992) (Aurigemma, J.) (prior pending foreclosure appeal does not bar subsequent action seeking damages for misconduct in wrongfully influencing appraisals because it is not a suit "of the same character"; action also not barred by res judicata due to prior foreclosure proceedings because "claims asserted in [subsequent action] have no connection with the making, validity or enforcement of a mortgage" and "did not `arise out of' the same transaction as the foreclosure").
"The defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In some cases however, `[b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done.' Reynoldsv. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CT Page 4721 CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . .
"Equitable special defenses are permitted, but they are limited to those which attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or, enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . ." Willow Springs Condominium Assoc. v. D'Angelis, supra, 17 CONN. L. RPTR. 586. "Furthermore, in actions to foreclose upon a common charge lien . . . courts have not recognized special defenses or counterclaims as a matter of law. . . . These courts have relied on the fact that the special defenses were not based on the lien which is the subject of the foreclosure, and the counterclaims did not arise out of the same cause of action as the foreclosure action. . . . Additionally, these courts have relied on the Common Interest Ownership Act, which provides that `[n]o unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit against which assessments are made, except if every unit owner is so exempted from the payment of all or part of the expenses.' General Statutes Sec. 47-78 (a). Since the Common Ownership Interest Act clearly indicates that unit owners are liable for common charges, these courts have held that as a matter of law, a validly levied common charge cannot be the subject of a special defense. . . . Furthermore, when a counterclaim does not relate to the associations' right to collect common charges and to foreclose upon such charges not paid by individual owners . . . the granting of a motion to strike the counterclaim is appropriate." Id.; see, e.g., Mountain View Condominium Assoc. ofVernon v. Rumford Assoc., Superior Court, judicial district of Tolland at Rockville, Docket No. 055693 (March 4, 1997) (Hammer, J.T.R.); WiltonCrest Condominium v. Stern, supra, 9 CONN. L. RPTR. 539, 8 CSCR 955; CasagmoCondominium Assoc., Phase II v. Kaufman, Superior Court, judicial district of Danbury, Docket No. 303889, 8 CONN. L. RPTR. 763 (April 19, 1993) (McGrath, J.); Anchorage Condominium v. Smith, 1 CSCR 841 (October 16, 1986, Harrigan, J.); see also Willow Springs Condominium Assoc. v.Pereira, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 067067 (February 9, 1995) (Pickett, CT Page 4722 J.).
"[T]he defendants seek to avoid their fair share of the expenses of the condominium operation because of their alleged grievances. Such action jeopardizes the entire community. If the defendants wish to pursue their grievances against the board, it must be done in a separate action, not by a refusal to pay their common charges. . . .
"The defendants may have recourse in the by laws to removing the present board members by recall, they may have recourse to the courts if the board is viewed as acting unreasonably, . . . or they may otherwise challenge the legal basis for the board action or inaction, and class action status could be available. However, they may not address these grievances in [a foreclosure] action, for the reasons stated above." Casagmo Condominium Assoc., PhaseII v. Kaufman, supra, Superior Court, Docket No. 303889.
Although the cases cited involved the issue of whether to grant a motion to strike special defenses or counterclaims raised by a defendant in a common charge foreclosure action, unrelated to the association's rights to collect common charges, the reasoning is applicable to the present action. Contrary to the defendant's argument, the fact that claims in the prior action are decided in favor of or against the defendant has nothing to do with whether the court would allow the plaintiff to recover on a foreclosure counterclaim in the same action, because the defendant's claims in the prior action simply do not relate to the plaintiff's right to collect common charges, fines or penalties and foreclose upon them. Clearly, these allegations cannot be raised as special defenses or counterclaims in the present action for the reasons stated, and, in fact must be raised in a separate action. Therefore, the defendant's motion to dismiss is denied.
CURRAN, J.