[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #132
The plaintiff's Motion to Strike raises the issue whether the defendant may in a lawsuit seeking to foreclose a lien for unpaid condominium charges, assert counter claims and raise special defenses not directly related to payment, discharge, release, satisfaction or invalidity. The court rules that our law does not permit the interposition of such defenses, and grants the Motion to Strike.
The one-count complaint alleges that the plaintiff, pursuant to General Statutes § 47-258 (a), has a lien on a condominium owned by the defendant as a result of the defendant's failure to pay common expenses assessed by the plaintiff.
The defendant has pled three special defenses to the underlying foreclosure action: set-off breach of contract; the doctrine of unclean hands; and set-off resulting from the plaintiff's failure to repair and maintain the common elements of the condominium. The defendant has also alleged four counterclaim counts against the plaintiff: violation of General Statutes §47-200 et seq.; breach of contract; negligence and; unintentional infliction of emotional distress.
In a foreclosure action, defenses are generally limited to payment discharge, release, satisfaction or invalidity. Conn.Savings Bank v. Reilly, 12 Conn. Sup. 327 (Super.Ct. 1944). Since a foreclosure action is an equitable proceeding, courts have recognized defenses as long as these defenses address the making, validity or enforcement of the note or mortgage or lien. CT Page 2780 See G.E. Capital Mortgage Service v. McCormick, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 478284 (August 20, 1998, Leheny, J.).
Since foreclosure proceedings are equitable, this court has previously ruled that in a purchase money mortgage foreclosure where defects in the improvements exist which are the noteholder's responsibility, a counter claim for the value of them should be permitted since it arises out of the same transaction and may provide a full or partial defense to the note. Bedford Plaza Ltd. Partnership v. Mandana Nahkai et al,2 Conn. L. Rptr 841 (1990).
Foreclosure of a lien arising out of non payment of common charges is a distinct situation where many trial courts passing on the issue recognize that the obligation for payment of them arises, in part, out of provisions of the Common Interest Ownership Act, General Statutes § 47-78 (a). Willow SpringsCondominium Association v. D'Angelis, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 070811 (September 16, 1996, Dranginis, J.). Additionally, such charges must be paid for the same reasons taxes must be paid to municipalities even where some other legal controversy exists — because if left unpaid, the nonpayment jeopardizes the continued existence of the entire condominium community and shifts the need for payment to other innocent unit owners. SeeVilla Sol D'or Association Inc. v. Surace, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 145061 (July 8, 1998, West, J.).
Our law recognizes this community need by providing that a lien for such charges have a limited priority. See General Statutes § 47-77.
In the present case, the defendant's special defenses: breach of contract, unclean hands, and failure to maintain and repair premises, and counterclaim counts: violation of § 47-200 et seq., breach of contract, negligence and unintentional infliction of emotional distress, do not relate directly to payment, discharge, release, satisfaction or invalidity, nor are there allegations of mistake, accident or fraud.
Instead they relate back to structural defects in the common elements of the defendant's unit and an alleged agreement between the plaintiff and the defendant to remedy these defects. While CT Page 2781 the defendant contends that the plaintiff's alleged conduct has prevented her from paying the common charges, the allegations are more properly the subject of a separate suit. For all the reasons set forth, the motion to strike is granted.