## THOMAS GAFFEY *v.* KATHLEEN A. GAFFEY
### (AC 25322)

Schaller, McLachlan and Foti, Js.

Argued April 20—officially released October 11, 2005

*Lori Welch-Rubin*, for the appellant (defendant).

*Thomas S. Luby*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Kathleen A. Gaffey, appeals from the judgment of the trial court denying her postdissolution motion for modification of child support. The dispositive issue in this appeal is whether the court improperly found that the defendant failed to prove a substantial change in circumstances. We

conclude that the denial of the motion for modification was proper and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The parties were married on March 4, 1989, and, at the time of dissolution, had three minor children. For the past nine years, the plaintiff, Thomas Gaffey, has been employed both as the division head for recycling and environmental education for the Connecticut Resources Recovery Authority, and as a state senator for the thirteenth senatorial district. On May 10, 2001, following twelve years of marriage, the plaintiff filed for dissolution. The court, after finding that the marriage had broken down irretrievably, rendered judgment dissolving the marriage on April 19, 2002.

At the time of the dissolution, the parties entered into an agreement that set forth the following visitation schedule: "The [p]laintiff will have the children every other weekend from Friday at 6:00 p.m. to Monday morning and every Thursday from 6:00 p.m. to Friday morning. . . . The [p]laintiff will have the children for extended periods of time during the [s]ummer which will be agreed upon by the parties." The agreement, which was accepted by the court and incorporated by reference into the dissolution judgment, did not define the phrase "extended periods of time during the [s]ummer . . . ." It did, however, expressly contemplate flexibility in light of the plaintiff's legislative duties by stating: "The parties agree to be flexible when [p]laintiff's legislative duties require a change in the schedule of visitation."

The agreement also provided for a downward deviation from the child support guidelines. Specifically, the plaintiff's child support obligation was set at $450 per week, or $64.28 below the presumptive guideline

amount. The criterion for that deviation was discussed briefly during the dissolution court's canvass of the plaintiff. The court inquired whether the $450 per week child support payment represented "a small deviation because of the [extended] summer visitation?" The plaintiff's counsel acquiesced to the court's statement and responded: "And also the fact that there are, basically, two full-time jobs here that were—" At that point, the court interceded, stating, "[f]ine," and the matter was concluded without further reference to the reason for the deviation.

On March 3, 2003, the defendant filed a motion for modification of child support on the ground that a substantial change in circumstances had occurred. The defendant's motion alleged that the deviation from the child support guidelines authorized by the dissolution court "was based upon an understanding that the plaintiff would have the children for extended time during the summer . . . ." According to the defendant, because the extended summer visitation did not occur, that criterion no longer existed. The court heard the defendant's motion for modification on October 4, 2003. In a decision filed March 18, 2004, the court determined that "[t]he defendant has failed to meet her burden of proof that a substantial change of circumstances has occurred since the judgment in this case." On April 7, 2004, the defendant appealed. Additional facts will be set forth as necessary.

As a preliminary matter, we set forth our well settled standard of review in domestic relations cases. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the

correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Chyung* v. *Chyung*, 86 Conn. App. 665, 667–68, 862 A.2d 374 (2004), cert. denied, 273 Conn. 904, 868 A.2d 744 (2005).

On appeal, the dispositive issue is whether the court improperly found that the defendant failed to establish a substantial change in circumstances and, therefore, improperly denied her motion for modification.[1] Specifi-

[1] The defendant specifically raises two claims on appeal. First, the defendant alleges that the court improperly calculated the plaintiff's income for purposes of determining his child support obligation. Second, the defendant contends that the court improperly considered certain deviation criteria, which resulted in a lesser economic benefit to the minor children. Although the court discussed those issues in its decision, neither the recalculation of the child support that was ordered in the dissolution judgment nor the justification of the deviation was properly before the court. Accordingly, we need not address those issues.

"The [trial] court is not permitted to decide issues outside of those raised in the pleadings. . . . Additionally, it is well established jurisprudence that the pleadings serve to frame the issues before a trial court." (Internal quotation marks omitted.) *Yellow Page Consultants, Inc.* v. *Omni Home Health Services, Inc.*, 59 Conn. App. 194, 200, 756 A.2d 309 (2000). In addition, Practice Book § 25-26 (e) provides that "[e]ach motion for modification shall state the specific factual and legal basis for the claimed modification and shall include the outstanding order and date thereof to which the motion for modification is addressed." In the present case, the specific factual and legal basis relied on in the defendant's motion was that a substantial change in circumstances had occurred since the dissolution court's order. Consequently, a determination of whether a substantial change in circumstances had taken place was the only issue properly before the court.

"The interpretation of pleadings is an issue of law. As such, our review of the court's decisions in that regard is plenary." (Internal quotation marks

cally, the defendant argues that the criterion for deviation from the child support guidelines found by the dissolution court no longer exists and, therefore, modification was warranted because a substantial change in circumstances had occurred. According to the defendant, the deviation criterion was premised exclusively on the plaintiff's acceptance of additional visitation during the summer months. The defendant claims that the plaintiff failed to exercise extended visitation with the children during the summers of 2002 and 2003. Consequently, the defendant argues that the deviation criterion no longer exists. After reviewing the record, we conclude that there was adequate evidence to support the court's finding that the deviation criterion still exists and, therefore, that the defendant failed to prove a substantial change in circumstances.[2]

"General Statutes § 46b-86 governs the modification of a child support order after the date of a dissolution judgment." (Internal quotation marks omitted.) *Foster* v. *Foster*, 84 Conn. App. 311, 321, 853 A.2d 588 (2004). Section 46b-86 provides in relevant part: "(a) Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of . . . support . . . may at any time thereafter be continued,

omitted.) *Provenzano* v. *Provenzano*, 88 Conn. App. 217, 225, 870 A.2d 1085 (2005). In this case, it appears that the court, by discussing the method for calculating the plaintiff's income, exceeded the scope of the defendant's motion. Nevertheless, "[i]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Sorban* v. *Sterling Engineering Corp.*, 79 Conn. App. 444, 456, 830 A.2d 372, cert. denied, 266 Conn. 925, 835 A.2d 473 (2003). Consequently, although we believe that the court addressed and based its decision, in part, on issues outside the scope of the defendant's motion, we nevertheless affirm the judgment on the ground raised by the modification order.

[2] Implicit in the defendant's argument is the suggestion that the plaintiff's failure to exercise extended visitation with the children during the summer has resulted in an additional financial burden on the defendant. The defendant, however, does not argue that the needs of the children are not being met.

set aside, altered or modified . . . upon a showing of a substantial change in circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . ."

The substantial change in circumstances provision establishes "the authority of the trial court to modify existing child support orders to respond to changed economic conditions." *Turner* v. *Turner*, 219 Conn. 703, 718, 595 A.2d 297 (1991). Specifically, it "allows the court to modify a support order when the financial circumstances of the individual parties have changed, regardless of their prior contemplation of such changes." Id. The party seeking modification of a support order bears the burden of "clearly and definitely [showing] individual facts and circumstances which have substantially changed." *McGuinness* v. *McGuinness*, 185 Conn. 7, 10, 440 A.2d 804 (1981); *Prial* v. *Prial*, 67 Conn. App. 7, 11, 787 A.2d 50 (2001).

The following evidence supports the court's determination that the deviation criterion found by the dissolution court still exists. During the summer of 2002, in addition to his normal visitation, the plaintiff also picked his children up earlier than scheduled on three occasions, took all three children on an eight day vacation and brought his youngest daughter to a professional baseball game. Likewise, during the summer of 2003, in addition to his normal visitation, the plaintiff spent three or four days with all of his children, as well as one day with only his youngest daughter. Although the plaintiff did spend less time with his children during the summer of 2003 than he had the previous summer, the court expressly found that the decrease was a direct result of the plaintiff's increased legislative responsibili-

ties, which greatly limited the plaintiff's ability to spend time with his children. Furthermore, the possibility that the plaintiff's legislative duties would substantially occupy the summer months existed at the time of dissolution and was expressly stated in the parties' agreement. Moreover, the court credited the plaintiff's testimony that despite repeated requests, he was denied additional visitation time with his children during the summer of 2003.

Contrary to the defendant's contention, the dissolution court did indicate that the deviation was not based exclusively on extended summer visitation. Rather, as the court acknowledged, the fact that the plaintiff works "basically two jobs" was also a cause for deviation. What the defendant claims is a substantial change of circumstances is, in fact, not a change. The plaintiff's intentions with respect to additional visitation to the extent that his work schedule allows remains in effect.

"In a modification action, the decision of the trial court is attributed great weight and every consideration must be given in support of its correctness. . . . The action of the trial court will not be disturbed unless the court has abused its discretion or its finding has no reasonable basis in the facts." (Internal quotation marks omitted.) *Salaman* v. *Salaman*, 25 Conn. App. 563, 564, 595 A.2d 909 (1991). It is clear from the court's findings that the court determined from the evidence that the deviation criterion still exists. Consequently, no substantial change in circumstances has occurred. We conclude, therefore, that the court did not abuse its discretion by denying defendant's motion for modification.

The judgment is affirmed.

In this opinion the other judges concurred.