CONGRESS STREET CONDOMINIUM ASSOCIATION, INC. *v.* FREDERICK L. ANDERSON ET AL.
(AC 32580)

Gruendel, Alvord and Bishop, Js.

Argued September 15—officially released December 20, 2011

*Eric D. Coleman,* for the appellant (named defendant).

*Thompson G. Page,* for the appellee (plaintiff).

*Opinion*

BISHOP, J. In this action to foreclose a statutory lien, the defendant Frederick L. Anderson, appeals from the summary judgment rendered by the trial court in favor of the plaintiff, Congress Street Condominium Association, Inc., as to liability only, based on the nonpayment of common charges and fines.[1] On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment regarding the imposition of fines.[2] The defendant claims, as well, that his special

---

[1] The condominium unit at issue also was subject to two mortgages at the time of the action. The mortgagees, as subsequent encumbrancers, also were named as defendants in this action, but they are not parties to this appeal. We therefore refer in this opinion to Anderson as the defendant.

[2] The record reflects that the court disallowed a counterclaim filed by the defendant in which he alleged that he had endured emotional distress as a result of the plaintiff's discriminatory treatment of him. As set forth more fully in this opinion, we look to traditional mortgage foreclosure standards to determine the applicable special defenses and counterclaims in an action to foreclose a statutory lien based on the nonpayment of fines. On the basis of those principles, we find no fault with the court's determination regarding the counterclaim.

defense of equitable estoppel was properly before the court and created a genuine issue of material fact as to whether the plaintiff validly levied fines against him.[3] We agree and accordingly reverse the judgment of the trial court.[4]

The following factual and procedural history is relevant to this appeal. On June 10, 2009, the plaintiff filed an action to foreclose a lien pursuant to General Statutes § 47-258[5] for common charges, assessments and

[3] In the defendant's brief to this court, he concedes that he was obligated to pay the common charges that the plaintiff levied against him.

[4] The defendant also claims that the plaintiff failed to conduct a hearing prior to levying fines against him in violation of the plaintiff's bylaws and that the plaintiff's complaint was legally insufficient with regard to its alleged bases for levying said fines. The plaintiff argues that these claims were not properly preserved for review. We agree with the plaintiff, and accordingly, decline to address those claims. See Practice Book § 60-5.

[5] General Statutes § 47-258 provides in relevant part: "(a) The association has a statutory lien on a unit for any assessment attributable to that unit or fines imposed against its unit owner. Unless the declaration otherwise provides, reasonable attorneys' fees and costs, other fees, charges, late charges, fines and interest charged pursuant to subdivisions (10), (11) and (12) of subsection (a) of section 47-244 and any other sums due to the association under the declaration, this chapter, or as a result of an administrative, arbitration, mediation or judicial decision, are enforceable in the same manner as unpaid assessments under this section. If an assessment is payable in installments, the full amount of the assessment is a lien from the time the first installment thereof becomes due.

"(b) A lien under this section is prior to all other liens and encumbrances on a unit except (1) liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to, (2) a first or second security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent, or, in a cooperative, a first or second security interest encumbering only the unit owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent, and (3) liens for real property taxes and other governmental assessments or charges against the unit or cooperative. The lien is also prior to all security interests described in subdivision (2) of this subsection to the extent of (A) an amount equal to the common expense assessments based on the periodic budget adopted by the association pursuant to subsection (a) of section 47-257 which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce either the association's lien or a security interest

fines[6] levied against the defendant, a condominium unit owner. On July 20, 2009, the defendant filed an answer, in which he responded to the allegations in the complaint, and later filed a request to amend with an amended answer on February 2, 2010, in which he included special defenses and a counterclaim. In his amended answer, the defendant alleged that the plaintiff did not provide some of its requisite services as a condominium association and that the plaintiff engaged in inconsistent practices that resulted in the arbitrary and discriminatory application of the bylaws, rules and procedures. Additionally, the defendant counterclaimed that he was entitled to reimbursement for money that he expended to repair dangerous conditions on his property. On February 23, 2010, the plaintiff filed a motion to strike the defendant's special defenses and counterclaim, which the trial court granted on March 30, 2010, without objection.

On March 29, 2010, the plaintiff reclaimed its motion for summary judgment as to liability only.[7] On April 12, 2010, the parties participated in a hearing on the motion for summary judgment, at which time the court inquired about the defendant's failure to respond to the plaintiff's motion. The defendant stated that he would file an opposition to the motion for summary judgment by the end of the next day. The following day, however, the defendant did not file a response to the motion for

described in subdivision (2) of this subsection and (B) the association's costs and attorney's fees in enforcing its lien. A lien for any assessment or fine specified in subsection (a) of this section shall have the priority provided for in this subsection in an amount not to exceed the amount specified in subparagraph (A) of this subsection. This subsection does not affect the priority of mechanics' or materialmen's liens or the priority of liens for other assessments made by the association. . . ."

[6] The plaintiff claims that it levied fines against the defendant because he replaced a window in his unit with a door in violation of the plaintiff's bylaws, rules and procedures.

[7] The original motion for summary judgment as to liability only was filed on January 20, 2010.

summary judgment; rather, he filed a second request for leave to amend his answer. His second amended answer contained a special defense alleging that the plaintiff should be equitably estopped from asserting that the defendant violated the condominium bylaws, rules or procedures, thereby precluding any assessment of fines against him. The defendant also filed an amended counterclaim, alleging that he had suffered emotional distress from the plaintiff's arbitrary and capricious treatment of him. The plaintiff objected to the second request for leave to amend his answer as untimely. On April 16, 2010, the defendant filed a memorandum of law in opposition to the plaintiff's motion for summary judgment in which he raised the same issues as those alleged in his second amended answer.

On April 26, 2010, the court sustained the plaintiff's objection to the defendant's second request for leave to amend his answer and granted the plaintiff's motion for summary judgment as to liability only, finding that the issues raised in the defendant's memorandum in opposition to the motion for summary judgment did not defeat the plaintiff's right to collect common charges and fines from the defendant.[8] The plaintiff then filed a motion for judgment of strict foreclosure, which was granted. The court determined that the debt was $10,808.75, $5400 of which was attributed to fines, with $1814.20 of priority debt. This appeal followed.

On appeal, the defendant claims that summary judgment was improper because the court failed to credit the special defense of equitable estoppel as a legally viable basis for his claim that the plaintiff invalidly levied fines against him. We agree.

---

[8] As we understand this record, it appears that although the court denied the defendant's request to amend his answer, special defense, and counterclaim, the court nevertheless considered the adequacy of the allegations contained in these pleadings in conjunction with granting the plaintiff's motion for summary judgment.

The applicable standard of review is well settled. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Allstate Life Ins. Co.* v. *BFA Ltd. Partnership,* 287 Conn. 307, 312, 948 A.2d 318 (2008).

"Only one of the . . . defenses needs to be valid in order to overcome the motion for summary judgment. [S]ince a single valid defense may defeat recovery, [a] motion for summary judgment should be denied when any defense presents significant fact issues that should be tried. 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure (2d Ed. 1983) § 2734." (Internal quotation marks omitted.) *Union Trust Co.* v. *Jackson,* 42 Conn. App. 413, 417, 679 A.2d 421 (1996).

Although we have discovered no statutory or appellate authority regarding the admissibility of special defenses in an action to foreclose a statutory lien instituted by a condominium association based on a unit owner's nonpayment of fines, several trial court decisions have held that special defenses and counterclaims will not lie in an action brought by a condominium association to foreclose liens based on a unit owner's

failure to pay common charges.[9] In granting summary judgment, the court explicitly relied on *Commodore Commons Condominium Assn.* v. *Austin*, Superior Court, judicial district of Ansonia-Milford, Docket No. 058025 (March 4, 1999) (24 Conn. L. Rptr. 116) (*Commodore Commons*), in its finding that equitable estoppel was not a valid defense to the defendant's nonpayment

[9] See, e.g., *Commodore Commons Condominium Assn.* v. *Austin*, Superior Court, judicial district of Ansonia-Milford, Docket No. 058025 (March 4, 1999) (24 Conn. L. Rptr. 116) (special defenses not allowed because they did not relate directly to payment, discharge, release, satisfaction or invalidity nor were they allegations of mistake, accident, or fraud); *Heritage Sound Condominium Assn.* v. *Nucifora*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-98-061169-S (March 13, 2000) (special defense not allowed because it did not arise from same transaction); *Bayview Condominium Assn.* v. *Skibitcky*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-97-0060615-S (April 2, 1998) (21 Conn. L. Rptr. 625) (special defense not allowed because it did not arise from same transaction); *Broad Street School Condominium Corp.* v. *Minneman*, Superior Court, judicial district of New London at Norwich, Docket No. 0111179 (April 23, 1997) (special defense not allowed for policy reason that common charges are for good of condominium community); *Mountain View Condominium Assn. of Vernon, Connecticut, Inc.* v. *Rumford Associates IV*, Superior Court, judicial district of Tolland, Docket No. CV-94-55693-S (March 4, 1997) (counterclaim not allowed because it did not arise from same transaction; special defense not allowed for policy reason that common charges are for good of condominium community); *Watch Hill Condominium, Inc.* v. *Van Eck*, Superior Court, judicial district of New Haven, Docket No. CV-93-0344796-S (June 14, 1996) (17 Conn. L. Rptr. 198) (special defenses and counterclaims not allowed because they did not arise from same transaction); *Breakwater Key Assn., Inc.* v. *Monaco*, Superior Court, judicial district of Fairfield, Docket No. CV-93-0301263-S (March 7, 1996) (16 Conn. L. Rptr. 282) (special defense not allowed for policy reason that common charges are for good of condominium community); see also *First Seabreeze Assn., Inc.* v. *Barnett*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-94-0138851-S (March 29, 1995) (special defenses and counterclaim not allowed because they did not arise from same transaction); *Wilton Crest Condominium* v. *Stern*, Superior Court, judicial district of Fairfield, Docket No. CV-92-0300406-S (August 13, 1993) (8 C.S.C.R. 955) (special defenses not allowed because they did not arise from same transaction); but see *Colonial Court Homeowners Assn.* v. *Cole*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-96-0560458-S (October 11, 1996) (18 Conn. L. Rptr. 113) (denying motion to strike defendant's special defense on grounds that court disagreed with other trial courts' findings that special defenses should be struck for either not arising from same transaction or for policy reason that common charges are for good of condominium community).

of the amount due to the condominium association. On the basis of the holding of *Commodore Commons*, the court concluded, instead, that such a claim would be more appropriately raised in a separate action. *Commodore Commons*, however, only addressed the payment of *common charges*, and articulated a limitation of defenses for nonpayment of such charges. Id., 117. The reasoning of *Commodore Commons* or similar trial court decisions regarding the nonpayment of common charges neither logically nor necessarily applies to the nonpayment of fines.

The court in *Commodore Commons* reasoned that "the nonpayment [of common charges] jeopardizes the continued existence of the entire condominium community and shifts the need for payment to other innocent unit owners." Id. With respect to common charges, our trial courts also have determined that, if the defendant wishes to pursue his grievance against the association, it must be done in a separate action, not by a refusal to pay his common charges. Otherwise, courts have reasoned, the other unit owners, who are entitled to have the budget funded by all of the unit owners, would have their economic welfare threatened. See *Breakwater Key Assn., Inc.* v. *Monaco*, Superior Court, judicial district of Fairfield, Docket No. CV-93-0301263-S (March 7, 1996) (16 Conn. L. Rptr. 282); *Casagmo Condominium Assn., Inc., Phase II* v. *Kaufman*, Superior Court, judicial district of Danbury, Docket No. 303889 (March 15, 1993).

Thus, although, as noted, trial courts consistently have precluded the pleading of special defenses and counterclaims in actions to foreclose statutory liens based on the nonpayment of common charges in order to safeguard the economic welfare of the condominium community, this reasoning is not necessarily applicable

to the nonpayment of fines. Because fines are an unpredictable source of income for the condominium association and, therefore, not a fixed component of the association's budget, there is no reason to conclude that their payment or nonpayment directly impacts the condominium community's economic welfare. For this reason, the type of expedited proceedings embraced by our trial courts in actions to foreclosure statutory liens based on the nonpayment of common charges is unnecessary in actions for the nonpayment of fines.

We conclude, therefore, that due to the inherent differences in the application and function of fines and common charges, they should not be treated interchangeably in a foreclosure action. Rather, the permissible special defenses and counterclaims in an action to foreclose a statutory lien based on the imposition of fines by a condominium association should be determined in light of traditional mortgage foreclosure standards, which permit the assertion of certain special defenses, including that of equitable estoppel. See *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 805, 842 A.2d 1134 (2004); *LaSalle National Bank* v. *Freshfield Meadows, LLC*, 69 Conn. App. 824, 838, 798 A.2d 445 (2002). In an action by a condominium association to foreclose a lien based on the nonpayment of fines, the defendant unit owner, therefore, should not be required to file a separate action to assert a special defense relating to the validity of the imposition of fines. Accordingly, in the present case, the court improperly rendered summary judgment on the basis that the special defense of equitable estoppel was not properly before it, and the court should have considered the special defense in determining whether the plaintiff was entitled to judgment as a matter of law.[10]

[10] In coming to this conclusion, we do not reach the question of whether the pleading, as proffered by the defendant, adequately sets forth the claim of equitable estoppel. We conclude only that such a defense, if properly pleaded, may be raised in defense of an action by a condominium association to foreclose liens based on the imposition of fines.

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

In this opinion GRUENDEL, J., concurred.

ALVORD, J., dissenting. I respectfully dissent because I conclude that the trial court properly granted the motion for summary judgment as to liability filed by the plaintiff, Congress Street Condominium Association, Inc., as against the defendant Frederick L. Anderson.[1] The record reflects that the court sustained the plaintiff's objection to the defendant's second request to amend his answer, which included a special defense of equitable estoppel and a counterclaim, on the same day that it granted the plaintiff's motion for summary judgment. Without the special defense and counterclaim, the court correctly determined that there was no genuine issue of material fact with respect to the defendant's liability.

I rely on the following facts and procedural history. The plaintiff filed its complaint in June, 2009. On July 20, 2009, the defendant filed his answer without any special defenses or counterclaims. On January 20, 2010, the plaintiff filed a motion for summary judgment as to liability only against the defendant. On February 2, 2010, the defendant filed a request for leave to file an amended answer with special defenses and a counterclaim. The plaintiff filed a motion to strike the special defenses and counterclaim on February 23, 2010, which was granted by the court, absent objection by the defendant, on March 30, 2010. At that point, the plaintiff reclaimed its motion for summary judgment, and a hearing was scheduled for April 12, 2010. On April 13, 2010,

---

[1] The plaintiff filed its foreclosure complaint against several defendants. Because Frederick L. Anderson is the only defendant involved in this appeal, I refer to him in this dissent as the defendant.

the defendant filed his second request for leave to amend his answer. His second amended answer included the special defense of equitable estoppel and a counterclaim seeking damages for emotional distress.

The following day, the plaintiff filed an objection to the defendant's second request for leave to amend the answer. Stating that the parties already had appeared at a hearing on the plaintiff's motion for summary judgment and that the second request to amend the answer included a special defense and counterclaim previously stricken by the court, the plaintiff argued that the second request was untimely and would cause prejudicial delay. The defendant did not file a response to the plaintiff's objection but did file a memorandum of law in opposition to the plaintiff's motion for summary judgment on April 16, 2010.[2] In that opposing memorandum, the defendant did argue that it would be premature for the court to rule on the plaintiff's motion for summary judgment because he had just filed his second amended answer with a special defense and a counterclaim.[3] He claimed that the court was required to consider the substance of his substituted pleading in ruling on the motion for summary judgment because he had filed it

[2] The hearing on the plaintiff's motion for summary judgment as to liability was held on April 12, 2010. The defendant did not file any documents in opposition to the summary judgment motion prior to the hearing. At the hearing, the court inquired whether the defendant still wanted the opportunity to address the plaintiff's claim for summary judgment. The defendant responded that he would like to file a memorandum and an affidavit and indicated that he could probably do so the following day. He did not file the memorandum in opposition to the motion for summary judgment on April 13, 2010, but, rather, filed his second request for leave to amend his answer. The defendant filed his opposing memorandum on April 16, 2010.

[3] The special defense alleged that another unit owner had acted in a similar fashion in altering her unit, that the plaintiff did not impose fines or any other sanction against her and that the plaintiff should therefore be equitably estopped from imposing fines or any other penalty against the defendant. The counterclaim alleged that the defendant sustained emotional distress and incurred expenses as the result of the plaintiff's "impermissible arbitrary, capricious and discriminatory treatment toward him."

within fifteen days of the striking of the special defenses and counterclaim in his first amended answer. See Practice Book § 10-44.[4]

On April 26, 2010, the court issued two rulings. The court sustained, without comment, the plaintiff's objection to the defendant's second request for leave to amend the answer. By separate order, the court granted the plaintiff's motion for summary judgment as to liability. In its order on the summary judgment motion, the court further noted that the issues raised by the defendant in his opposing memorandum of law did not constitute valid defenses to the plaintiff's foreclosure action.[5]

On appeal, the defendant claims that the court improperly (1) sustained the plaintiff's objection to his request for leave to file his second amended complaint and (2) granted the plaintiff's motion for summary judgment because equitable estoppel is a valid defense to an action brought by a condominium association to foreclose a lien based on a unit owner's failure to pay fines.[6] The defendant should not prevail on either claim.

The standard of review for determining whether a trial court improperly ruled on a request to amend the pleadings is well settled. "While our courts have been

[4] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ."

[5] The court's order is as follows: "SUMMARY JUDGMENT GRANTED AS TO LIABILITY ONLY IN ACCORDANCE WITH [PRACTICE BOOK §] 11-10.

"The issues raised by the defendant in his memorandum in opposition to summary judgment are not those which constitute a valid defense to payment of amounts due to a condominium for the reasons stated in *Commodore Commons Condominium Assn.* v. *Austin,* [Superior Court, judicial district of Ansonia-Milford, Docket No. 058025 (March 4, 1999) (24 Conn. L. Rptr. 116)] and cases cited therein. As that case states, the issues raised by the defendant are more appropriately raised in a separate action, and cannot defeat the [c]ondominium [a]ssociation's right to collect fees due."

[6] Although the defendant raised additional claims in this appeal, I agree with the majority's resolution of those claims. See footnote 4 of the majority's opinion.

liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." (Citations omitted; internal quotation marks omitted.) *Connecticut National Bank* v. *Voog*, 233 Conn. 352, 364, 659 A.2d 172 (1995).

The defendant argues that the court could not sustain the plaintiff's objection to his second request to amend because he had timely filed a substituted pleading with a special defense and counterclaim within the fifteen day period specified in Practice Book § 10-44. The short answer is that the provisions in that section do not preclude a party from filing an objection to the substituted pleading nor preclude the court from exercising its discretion in sustaining the objection. Practice Book § 10-60, which addresses the amendment of pleadings by consent, order of the judicial authority or by the failure of the adverse party to object, expressly allows a court to rule as the court did in the present case. Practice Book § 10-60 (b) provides in relevant part: "The judicial authority may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. If the amendment occasions delay in the trial or inconvenience to the other party, the judicial authority may award costs in its discretion in favor of the other party. *For the purposes of this rule, a substituted pleading shall be considered an amendment. . . .*" (Emphasis added.)

The plaintiff, in its objection to the defendant's second request to amend, detailed the procedural posture of the case and claimed that the request was untimely

and that allowing the amendment would prejudice the plaintiff "by allowing the defendant to continue to delay [the] plaintiff's foreclosure action." The court simply sustained the plaintiff's objection without comment. In challenging the court's ruling, the sole argument proffered by the defendant is that the order "is contrary to the import of [Practice Book §] 10-44 . . . in that the defendant had the right to file a new or substitute special defense and counterclaim." In light of Practice Book § 10-60, and for the reasons previously discussed, I conclude that the judgment of the trial court should be affirmed.

Without a special defense and counterclaim, there is no genuine issue of material fact as to liability that would preclude the court's granting of the plaintiff's motion for summary judgment.[7] It is true, as the majority indicates, that the court mentioned the defendant's claim of equitable estoppel in its decision granting the motion for summary judgment. See footnote 5 of this dissent. I conclude that the two sentence comment by the court in this regard was dicta. Having denied the defendant's request to amend his answer, the court did not have the special defense of equitable estoppel in the pleadings before it. It is fundamental in our law that "any judgment should conform to the pleadings, the issues and the prayers for relief." (Internal quotation marks omitted.) *Journal Publishing Co.* v. *Hartford Courant Co.*, 261 Conn. 673, 686, 804 A.2d 823 (2002). "The [trial] court is not permitted to decide issues outside of those raised in the pleadings." (Internal quotation marks omitted.) *Gaffey* v. *Gaffey*, 91 Conn. App. 801, 804 n.1, 882 A.2d 715, cert. denied, 276 Conn. 932, 890 A.2d 572 (2005).

---

[7] The defendant conceded at oral argument that there would be no genuine issue of material fact to be determined if the special defense and the counterclaim were eliminated.

For these reasons, I conclude that the court did not abuse its discretion in sustaining the plaintiff's objection to the defendant's second request to amend his answer and that the court properly granted the plaintiff's motion for summary judgment as to liability because there was no genuine issue of material fact. Accordingly, I respectfully dissent.[8]

---

[8] Whether an allegation of equitable estoppel is a viable defense to an action by a condominium association to foreclose a lien for *unpaid fines* is an issue of first impression for this court. The majority concludes that the reasoning that precludes the pleading of special defenses and counterclaims in actions to foreclose statutory liens based on the nonpayment of *common charges* is not applicable to the nonpayment of *fines*. Because the condominium documents, including a full copy of the declaration, bylaws, and rules and regulations, were not submitted as exhibits in this case, I would not have reached the merits of this claim because the record is inadequate. A review of the documents that address the circumstances under which such fines are imposed is required, in my opinion, before a well reasoned analysis can be provided by this court.