COACH RUN CONDOMINIUM, INC. *v.* DEBORAH L.
FURNISS ET AL.
(AC 33587)

Beach, Sheldon and Peters, Js.

Argued April 11—officially released July 10, 2012

*Jules Lang*, for the appellant (named defendant).

*Brenden P. Leydon*, for the appellee (plaintiff).

*Opinion*

PETERS, J. The principal issue in this case is whether a condominium association has the right to enforce a statutory lien for unpaid common charges provided for by the Common Interest Ownership Act (act), General Statutes § 47-200 et seq., even if the association has substantially failed to perform its maintenance obligations to the defaulting condominium owner. The defendant owner appeals from the judgment of foreclosure by sale rendered by the trial court after it struck the defendant's special defenses and granted the plaintiff condominium association's motion for summary judgment as to liability. We affirm the judgment of the court.

On December 8, 2010, the plaintiff, Coach Run Condominium, Inc., filed a complaint against the defendant Deborah L. Furniss in her capacity as the executrix of the estate of Brenda E. Furniss,[1] alleging that the

---

[1] The complaint also named BAC Home Loans Servicing, LP, assignee of the mortgage and holder of a mortgage lien on the same condominium unit, as a defendant. BAC Home Loans Servicing, LP, is not a party to the present appeal. Accordingly, we refer to Deborah L. Furniss, executrix of the estate of Brenda E. Furniss, as the defendant.

defendant had failed to pay condominium assessments and common charges and seeking foreclosure of its statutory lien on the defendant's condominium unit pursuant to General Statutes § 47-258.[2] The defendant filed special defenses alleging that the plaintiff's failure to make needed repairs to the exterior walls and common areas of the condominium had so severely reduced the value of her condominium unit as to make it unsalable.[3]

---

[2] General Statutes § 47-258 provides in relevant part: "(a) The association has a statutory lien on a unit for any assessment attributable to that unit or fines imposed against its unit owner. Unless the declaration otherwise provides, reasonable attorneys' fees and costs, other fees, charges, late charges, fines and interest charged pursuant to subdivisions (10), (11) and (12) of subsection (a) of section 47-244 and any other sums due to the association under the declaration, this chapter, or as a result of an administrative, arbitration, mediation or judicial decision, are enforceable in the same manner as unpaid assessments under this section. If an assessment is payable in installments, the full amount of the assessment is a lien from the time the first installment thereof becomes due.

"(b) A lien under this section is prior to all other liens and encumbrances on a unit except (1) liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to, (2) a first or second security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent, or, in a cooperative, a first or second security interest encumbering only the unit owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent, and (3) liens for real property taxes and other governmental assessments or charges against the unit or cooperative. The lien is also prior to all security interests described in subdivision (2) of this subsection to the extent of (A) an amount equal to the common expense assessments based on the periodic budget adopted by the association pursuant to subsection (a) of section 47-257 which would have become due in the absence of acceleration during the six months immediately preceding institution of an action to enforce either the association's lien or a security interest described in subdivision (2) of this subsection and (B) the association's costs and attorney's fees in enforcing its lien. A lien for any assessment or fine specified in subsection (a) of this section shall have the priority provided for in this subsection in an amount not to exceed the amount specified in subparagraph (A) of this subsection. This subsection does not affect the priority of mechanics' or materialmen's liens or the priority of liens for other assessments made by the association. . . ."

[3] The defendant also filed a counterclaim, which she later withdrew, and a separate action, *Furniss* v. *Coach Run Condominium, Inc.*, Superior

The trial court granted the plaintiff's motions to strike the special defenses and for summary judgment as to liability. Thereafter, the court rendered a judgment of foreclosure by sale. The defendant has appealed.

The relevant facts of record are undisputed. The defendant is the executrix and sole beneficiary of the estate of her mother, Brenda E. Furniss, and thereby is the owner of unit 10 at Coach Run Condominium, which is located at 296 Main Avenue in Norwalk (property). As of the date of the filing of the plaintiff's foreclosure action, the defendant owed the plaintiff $6017.88 in unpaid common charges and assessments,[4] plus attorney's fees and costs. After a hearing, the court granted the plaintiff's motions to strike the defendant's special defenses and for summary judgment on the ground that, other than by contesting nonpayment, a condominium unit owner has no defense in an action to foreclose a condominium common charge lien. More precisely, the court held that the governing provisions of the act obligate a unit owner to pay common fees assessed against the unit even if the association has failed to maintain the property properly.

On appeal, the defendant claims that the trial court improperly struck her special defenses and rendered

Court, judicial district of Stamford-Norwalk, Docket No. CV-11-6009321-S, to recover damages for the plaintiff's alleged failure to maintain and repair exterior walls and common areas of the condominium (damages action). The court denied the defendant's motion to consolidate the two cases and took no action on her motion to stay the foreclosure proceedings until the damages action could be tried. The defendant has not appealed from the ruling of the court declining to consolidate the two cases.

[4] At trial and in this court, the parties have not distinguished between the component parts of the defendant's indebtedness to the plaintiff, but have treated the defendant's indebtedness as falling within the general rubric of common expenses. Accordingly, we shall do likewise. But see *Congress Street Condominium Assn., Inc.* v. *Anderson*, 132 Conn. App. 536, 541–44, 33 A.3d 274 (2011) (holding that pleading of special defenses and counterclaims, while precluded in actions to foreclose statutory liens based on nonpayment of common charges, is permissible in actions to foreclose statutory liens based on nonpayment of fines).

summary judgment for the plaintiff.[5] We affirm the judgment of the court.

I

As a preliminary matter, we address the plaintiff's argument that the defendant's appeal is moot because the defendant has abandoned the property by moving to Florida during the pendency of these proceedings. "It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. . . . Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 297 Conn. 105, 163, 998 A.2d 730 (2010).

For several reasons, we are not persuaded that the defendant's relocation to Florida renders the present appeal moot. The defendant has opposed the plaintiff's

---

[5] The defendant also claims that the court's simultaneous granting of the plaintiff's motions to strike and for summary judgment improperly prevented the defendant from repleading as permitted by Practice Book § 10-44, and that the court's holding that the defendant could not present defenses to bar or reduce the plaintiff's lien violated her constitutional right to procedural due process. The defendant did not raise either of these claims to the trial court. In accordance with Practice Book § 60-5, we decline to consider the defendant's unpreserved claims.

foreclosure action in her role as executrix of her mother's estate, and the plaintiff has not alleged that the estate's interest in this litigation is tied to the defendant's choice of residence. Furthermore, even in the defendant's own right, her decision to live elsewhere does not necessarily manifest an intention to abandon her interest in contesting the foreclosure of the plaintiff's lien. The plaintiff has cited no authority to support its claim of mootness under the circumstances of this case, and we know of none.

II

The defendant claims that the court improperly struck her special defenses and rendered summary judgment for the plaintiff. Specifically, the defendant claims that the provisions of the act do not preclude the offering of defenses to a common charge lien foreclosure. We are not persuaded.

Our review of the court's granting of the plaintiff's motion to strike and award of summary judgment to the plaintiff is plenary. *Allstate Life Ins. Co.* v. *BFA Ltd. Partnership*, 287 Conn. 307, 312, 948 A.2d 318 (2008); *Ameriquest Mortgage Co.* v. *Lax*, 113 Conn. App. 646, 649, 969 A.2d 177, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009). Practice Book § 10-39 (a) provides in relevant part that "[w]henever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." "[I]n an appeal challenging a trial court's granting of a motion to strike . . . . [w]e take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Ameriquest Mortgage Co.* v. *Lax*, supra, 649.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Allstate Life Ins. Co.* v. *BFA Ltd. Partnership*, supra, 287 Conn. 312.

The rights and liabilities of condominium owners are governed comprehensively by the provisions of the act, which is largely modeled on the Uniform Common Interest Ownership Act. See *Nicotra Wieler Investment Management, Inc.* v. *Grower*, 207 Conn. 441, 447, 541 A.2d 1226 (1988). To protect the financial integrity of common interest communities, § 47-258 (a) provides in relevant part: "The [condominium] association has a statutory lien on a unit for any assessment attributable to that unit or fines imposed against its unit owner. . . ." Furthermore, General Statutes § 47-257 (g) provides: "No unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by abandonment of the unit against which the assessments are made." Pursuant to § 47-258 (b), for a period of six months, condominium unit common expense assessments have priority over first and second interests recorded prior to the date of the assessment.[6]

---

[6] In the present case, the mortgage lien held by BAC Home Loans Servicing, LP, is secondary to the plaintiff's lien for up to six months of common charges assessed immediately preceding the institution of this action.

Almost all of the judges of the Superior Court who have addressed this issue have held that special defenses and counterclaims will not lie in an action brought by a condominium association to foreclose a lien based upon a unit owner's failure to pay common charges. See *Congress Street Condominium Assn., Inc.* v. *Anderson*, 132 Conn. App. 536, 541–43 and 542 n.9, 33 A.3d 274 (2011) (citing cases). Ruling in accord with this majority, the trial court in the present case held that §§ 47-257 and 47-258 manifest the legislature's intention that a duly constituted condominium association has an enforceable lien to assist its collection of common charges. The court reasoned that the legislature provided condominium associations with the ability to impose such a lien in order to protect the condominium's common financial interest in timely collection of anticipated revenues for the benefit of the community as a whole. That protection would be jeopardized if any condominium unit owner could withhold payment pending the resolution of individual complaints or disagreements regarding the nature and extent of services rendered by the condominium. We agree.[7]

The defendant argues that the statutory language upon which the court relied does not support its ruling. She does not, however, identify any provision in the General Statutes or in the documentation adopted by the plaintiff condominium association that either expressly, or by implication, confers upon her the right to raise such defenses to the plaintiff's collection of common charges.

We acknowledge that, if the defendant had been a common-law tenant, rather than the owner of a condominium unit, she might have been able to invoke the

[7] As the court noted, its ruling did not leave the defendant without a remedy because any condominium unit owner may file an independent action to recover damages for negligence or other misconduct on the part of the condominium association. The defendant in this case has in fact brought such an action. See footnote 3 of this opinion.

doctrine of constructive eviction. Under that common-law doctrine, a tenant's failure to pay rent may be excused "where a landlord, while not actually depriving the tenant of possession of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable, and has thereby caused a failure of consideration for the tenant's promise to pay rent." (Internal quotation marks omitted.) *Conference Center Ltd.* v. *TRC*, 189 Conn. 212, 220, 455 A.2d 857 (1983). Without so labeling her claim, the defendant has in fact alleged that: (1) her condominium unit became untenantable as the result of malfeasance or nonfeasance by the plaintiff; (2) she vacated the premises because of the unsatisfactory condition of the premises; and (3) she had given the plaintiff a reasonable opportunity to correct the problem before she vacated the premises. These are the central constituent elements of a claim of constructive eviction. See *Welsch* v. *Groat*, 95 Conn. App. 658, 662, 897 A.2d 710 (2006).

The crucial fact remains, nonetheless, that the defendant's rights and obligations are now governed comprehensively by the act and not by the common law. Those rights include the right of the defendant, as a member of a condominium association, to participate in the management of her condominium; *Wilcox* v. *Willard Shopping Center Associates*, 208 Conn. 318, 326–27, 544 A.2d 1207 (1988); a right that a tenant does not have. Although General Statutes § 47-207[8] provides that supplemental general principles of law are applicable in interpreting the provisions of the act, we are not persuaded that these supplemental principles include the common law doctrine of constructive eviction.

---

[8] General Statutes § 47-207 provides: "The principles of law and equity, including the law of corporations and unincorporated associations, the law of real property, and the law relative to capacity to contract, principal and agent, eminent domain, estoppel, fraud, misrepresentation, duress, coercion, mistake, receivership, substantial performance, or other validating or invalidating cause supplement the provisions of this chapter, except to the extent inconsistent with this chapter."

We conclude, therefore, that the court properly struck the defendant's special defenses. Our review of the record leads us to conclude further that there exists no genuine issue of material fact and that, pursuant to § 47-258, the plaintiff is entitled to judgment as a matter of law.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.