DEUTSCHE BANK NATIONAL TRUST COMPANY *v.*
CHRISTOPHER TODD ANGLE
(SC 17657)

Rogers, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 4—officially released November 13, 2007

*Ridgely Whitmore Brown,* for the appellant (defendant).

*David F. Borrino,* with whom, on the brief, was *Jennifer S. Allison,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Christopher Todd Angle, appeals[1] from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, Deutsche Bank National Trust Company. On appeal, the defendant claims that the trial court improperly denied his application for protection from foreclosure under what is commonly referred to as the Homeowner Protection Act (act), General Statutes § 49-31d et seq. Specifically, the defendant claims that, in denying the application, the trial court improperly relied on § 49-31j-4[2] of the Regulations of Connecticut State Agencies because that section: (1) exceeds the statutory author-

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Section 49-31j-4 of the Regulations of Connecticut State Agencies provides: "In the event that the projected Restructured Principal Debt exceeds the original amount of the Mortgage Note, the court shall not enter a restructuring order and shall not stay the foreclosure."

ity conferred on the banking commissioner under General Statutes (Rev. to 2005) § 49-31j;[3] and (2) violates the separation of powers doctrine under the state constitution because it purports to limit the court's broad discretion over foreclosure proceedings. We conclude that the defendant has failed to provide us with an adequate record to review his claims. Accordingly, we affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to the resolution of this appeal. The plaintiff commenced this action to foreclose its mortgage on residential real property owned by the defendant. The defendant, claiming to be "underemployed" as defined in § 49-31d (6),[4] sought protection from the foreclosure by filing an application under the act. The plaintiff then filed a written objection to the application, along with a memorandum of law. The trial court thereafter held a hearing on the application and the objection on two different days. At the first day of hearings, the plaintiff asserted that: (1) the defendant was not "underemployed" under § 49-31d (6) given the amount of his income; and (2) even if the defendant were "underemployed" under the statute, the court should exercise its discretion under General Statutes § 49-31g (a)[5] to deny

[3] General Statutes (Rev. to 2005) § 49-31j provides: "The Banking Commissioner shall adopt such regulations, in accordance with chapter 54, as the commissioner deems necessary specifying (1) the manner in which a composite interest rate shall be computed for the new mortgage debt pursuant to subsection (c) of section 49-31i, and (2) the method or standard by which prevailing market rates of interest are to be determined."

[4] General Statutes § 49-31d (6) provides: " 'Underemployed person' means a person whose earned income during the twelve-month period immediately preceding the commencement of the foreclosure action is (A) less than fifty thousand dollars and (B) less than seventy-five per cent of his average annual earned income during the two years immediately preceding such twelve-month period."

[5] General Statutes § 49-31g (a) provides in relevant part: "If it determines that a homeowner who is an underemployed person is eligible for protection from foreclosure pursuant to subsections (a) and (c) of section 49-31f, *the court in its discretion may* order the restructuring of the mortgage debt . . . ." (Emphasis added.)

the defendant's application in light of refinancing and other alternatives available to the defendant given the equity he held in the property. The defendant contended that he did in fact meet the required elements for protection under the act, and also argued that § 49-31j-4 of the regulations exceeded the banking commissioner's statutory authority. After hearing argument from the parties, the court adjourned the proceedings on the first day, February 22, 2005, in an effort to enable the parties to reach a settlement.[6] The parties were unable to resolve the matter of their own accord, however, and the court therefore resumed the hearing on March 14, 2005. On that date, after hearing additional argument from the parties, the trial court denied the defendant's application to restructure the debt without stating any reasons for the denial other than that it agreed with the plaintiff's arguments. The defendant later filed a motion to reargue with the trial court, which was denied. The defendant filed an appeal from the trial court decision to the Appellate Court. Because the trial court had not yet rendered a judgment of foreclosure, the appeal was dismissed for lack of a final judgment. Thereafter, the trial court rendered a judgment of foreclosure by sale. This appeal followed.

The defendant raises two claims on appeal, both of which center on the trial court's alleged reliance on § 49-31j-4 of the regulations. See footnote 2 of this opinion. First, the defendant contends that the trial court improperly relied on § 49-31j-4 because, in promulgating that regulation, the banking commissioner had exceeded the authority conferred on him by § 49-31j of the act, which directs the banking commissioner to

[6] During oral argument in this court, the defendant referred to a trial court ruling on the *first* day (February 22, 2005) of the hearing. The record reveals, however, that the only ruling that the trial court made was on the second and final day of the hearing, March 14, 2005, when the court denied the defendant's application.

adopt regulations specifying the manner in which an interest rate shall be computed for a restructured mortgage debt and the standard for determining market rates of interest. Second, the defendant claims that § 49-31j-4 of the regulations violates the separation of powers doctrine under article second of the Connecticut constitution because the regulation purports to limit the court's broad discretion over foreclosure proceedings. We decline to review either claim due to the inadequacy of the record before us.

We begin with the standard of review. "A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. . . . *Federal Deposit Ins. Corp.* v. *Owen*, 88 Conn. App. 806, 811–12, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005)." (Internal quotation marks omitted.) *Ridgefield Bank* v. *Stones Trail, LLC*, 95 Conn. App. 279, 282–83, 898 A.2d 816, cert. denied, 279 Conn. 910, 902 A.2d 1069 (2006).

We next review the plaintiff's obligation with regard to the record on appeal. "[T]he appellant . . . bears the burden of providing this court with an adequate record for review. Practice Book § 61-10;[7] *Stutz* v. *Shep-*

---

[7] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

*ard*, 279 Conn. 115, 125–26, 901 A.2d 33 (2006) ([I]t is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed. . . .) . . . ." (Citation omitted; internal quotation marks omitted.) *Desrosiers* v. *Henne*, 283 Conn. 361, 366, 926 A.2d 1024 (2007). "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *State* v. *Dalzell*, 282 Conn. 709, 720, 924 A.2d 809 (2007).

In the present case, the defendant claims that the trial court improperly relied on § 49-31j-4 of the regulations when it denied his application for protection from foreclosure. Because the trial court never provided any reason for its denial of the defendant's application, the record is inadequate to review the claim. We therefore do not know whether the trial court denied the application because of the regulation or for another reason, such as the defendant's ineligibility for relief. "Under these circumstances, the plaintiff should have filed a motion for articulation to preserve an adequate record for review. See Practice Book §§ 61-10 and 66-5.[8] It is

---

[8] Practice Book § 66-5 provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. . . .

"If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions

well established that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted.) *Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn. 672, 685–86, 911 A.2d 300 (2006). In light of the inadequate record before us, we cannot review the defendant's claims.

The judgment is affirmed.

reserved. The trial judge shall file the decision on the motion with the appellate clerk. . . ."