******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BANK OF NEW YORK, TRUSTEE *v.* ATHINA
SAVVIDIS ET AL.
(AC 39080)

DiPentima, C. J., and Keller and Graham, Js.

*Syllabus*

The plaintiff bank, as trustee, sought to foreclose a mortgage on certain
real property owned by the defendant mortgagors. Following the trial
court's rendering of a judgment of strict foreclosure, the plaintiff filed
a notice with the court that the defendants had commenced a bankruptcy
proceeding, thereby staying the judgment. Thereafter, the bankruptcy
court issued an order granting the plaintiff relief from the automatic
stay, and the plaintiff filed a motion with the trial court to reenter the
judgment and to reset the law days. In support of its motion, the plaintiff
submitted an updated calculation of debt with an attached affidavit of
debt from its servicing agent, B. The calculation of debt was less than
the calculation of debt that the plaintiff previously had submitted approx-
imately two years earlier, despite the accrual of interest. At the hearing
on the plaintiff's motion, the defendants' counsel argued that the court
should not rely on B's affidavit in calculating the outstanding debt. The
trial court inquired of counsel as to how the defendants were harmed
by the more advantageous updated calculation of debt, and whether
counsel had any basis on which to challenge B's affidavit. In response,
counsel stated that B's affidavit was inconsistent with the prior affidavit
and he requested an evidentiary hearing on the matter, but indicated
that he would not offer any evidence to contradict B's affidavit. There-
after, the trial court declined counsel's request for an evidentiary hearing,
reentered the judgment of strict foreclosure, reset the law days, and
calculated the outstanding debt relying on B's affidavit. On appeal, the
defendants challenged the trial court's reliance on B's affidavit in calcu-
lating their outstanding debt. *Held* that the trial court properly relied
on B's affidavit in calculating the outstanding debt, the defendants on
appeal having failed to articulate any colorable claim of prejudice by
the court's decision: although the updated calculation of debt with B's
attached affidavit was inconsistent with the one that the plaintiff pre-
viously had submitted, the updated calculation of debt was less than
the prior calculation of debt, and the defendants did not rebut the
plaintiff's contention that there was effectively no harm to them; more-
over, the trial court did not abuse its discretion in declining to conduct
an evidentiary hearing on the matter in light of the defendants' affirma-
tion that they would not offer any additional evidence to challenge the
figures set forth in B's affidavit.

Argued April 25—officially released July 25, 2017

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant et al., brought to
the Superior Court in the judicial district of Stamford-
Norwalk, where the defendants were defaulted for fail-
ure to plead; thereafter, the court, *Adams, J.*, granted
the plaintiff's motion for a judgment of strict foreclosure
and rendered a judgment of foreclosure by sale; subse-
quently, the court, *Mintz, J.*, granted the motion to open
the judgment filed by the named defendant et al. and
rendered a judgment of strict foreclosure; thereafter,
the court, *Povodator, J.*, granted the plaintiff's motion
to reenter the judgment and to reset the law days, and
the named defendant et al. appealed to this court.
*Affirmed.*

*Joseph DaSilva, Jr.*, with whom, on the brief, was *Marc J. Grenier*, for the appellants (named defendant et al.).

*Jonathan A. Adamec*, for the appellee (plaintiff).

*Opinion*

GRAHAM, J. The defendants Athina Savvidis and Anastasios Savvidis[1] appeal from the judgment of strict foreclosure reentered by the trial court in favor of the plaintiff, Bank of New York, as trustee,[2] following the lifting of a bankruptcy stay. On appeal, the defendants contend that the trial court improperly relied on an affidavit furnished by the plaintiff in calculating the outstanding debt. We affirm the judgment of the trial court.

This appeal concerns real property owned by the defendants and known as 106B Comstock Hill Avenue in Norwalk (property). On April 14, 2003, the defendants executed a promissory note (note) in favor of America's Wholesale Lender[3] in the principal amount of $550,000. The note was secured by a mortgage deed on the property (mortgage).

On October 3, 2006, the plaintiff commenced this foreclosure action in its capacity as owner and holder of the note and mortgage. The operative complaint, the plaintiff's January 31, 2007 amended complaint, alleged in relevant part that the note was in default, that the defendants had been provided written notice thereof, and that the defendants had failed to cure that default. Accordingly, the plaintiff sought to "declare [the] note to be due in full and to foreclose the mortgage securing said note." Over the next decade, multiple judgments of foreclosure were entered by the trial court, only to be stayed by the filing of bankruptcy petitions by the defendants under title 11, chapter 13, of the United States Code. See *U.S. Bank National Assn., Trustee* v. *Works*, 160 Conn. App. 49, 52, 124 A.3d 935 (filing of bankruptcy petition pursuant to title 11 operates "as an automatic stay of the plaintiff's foreclosure action"), cert. denied, 320 Conn. 904, 127 A.3d 188 (2015).

Relevant to this appeal are the events subsequent to the rendering of a judgment of strict foreclosure by the court on June 8, 2015. On September 9, 2015, the plaintiff, in accordance with General Statutes § 49-15 (b),[4] filed a notice that the defendants had commenced yet another bankruptcy proceeding, thereby staying the judgment of foreclosure recently reentered by the trial court. On January 7, 2016, the United States Bankruptcy Court for the District of Connecticut issued an order granting relief from that automatic stay "to permit the [plaintiff] to exercise [its] rights, if any, with respect to [the property] in accordance with applicable non-bankruptcy law." The plaintiff thereafter filed a motion to reset the law days and to reenter the judgment on the ground that the June 8, 2015 judgment of strict foreclosure had been opened and the law days vacated pursuant to § 49-15 (b).

In support of that motion, the plaintiff submitted an updated calculation of debt dated March 9, 2016. That

filing stated that the total due as of February 18, 2016 was $794,608.66. Attached to that filing was an affidavit of debt dated March 3, 2016, and signed under oath by Tina Marie Braune, a "Document Execution Specialist of Nationstar Mortgage LLC," which was the plaintiff's servicing agent at that time. In her affidavit, Braune provided a detailed breakdown of the various components of that calculation, including unpaid principal, interest, and property tax and hazard insurance advances.

The parties appeared before the court on March 14, 2016, at which time the court indicated that it had "a couple of questions or problems with some of the numbers that don't make sense" in comparison to the calculation of debt submitted by the plaintiff two years earlier. The plaintiff previously had filed a calculation of debt dated February 11, 2014 (2014 calculation), which indicated that the total due to February 18, 2014 was $801,528.16. That filing was accompanied by an affidavit of debt dated November 12, 2013, and signed under oath by Kimberly Gina Harvey, an assistant vice president at Bank of America N.A.[5] Comparing the 2014 calculation to the one presently before it, the court observed that "[t]he total debt has actually gone down which doesn't make sense since you're dealing with a substantial increase in interest." The court then noted a significant discrepancy with respect to the property tax and hazard insurance advances detailed in the respective affidavits, "that seems to be the source . . . of why notwithstanding increased interest over time the aggregate actually has gone down somewhat." The parties requested a one week continuance to review the matter, which the court granted.

The parties returned to court on March 21, 2016. The plaintiff had filed an additional calculation of debt dated March 18, 2016, which was identical in all material respects to the March 9, 2016 calculation, save for the inclusion of $2328.81 in additional interest that recently had accrued. The defendants' counsel indicated that he had "no problem" with that additional interest but remained "deeply concerned" that the 2014 calculation was higher than the one presently before the court. In response, the court inquired whether the defendants had any reason or evidentiary basis for the court to doubt the accuracy of the updated calculation of debt furnished by the plaintiff, which the court noted was "more advantageous" to the defendants. The defendants' counsel offered no such reason, apart from the fact that the plaintiffs had introduced inconsistent affidavits. The plaintiff's counsel confirmed that the Braune "numbers are correct for the affidavit of debt."

The defendants' counsel nonetheless argued that the court should not rely on Braune's affidavit because "the plaintiff . . . is now seeking to collect roughly half of what it allegedly" paid in property tax and hazard insur-

ance advances. The court noted that it had two alternatives: accept the updated calculation of debt predicated on Braune's affidavit or conduct an evidentiary hearing. The defendants' counsel stated that he did not want an evidentiary hearing, but an explanation for why the numbers had decreased.

The court inquired of the defendants' counsel how the defendants were harmed by the present calculation of debt, and whether he had "any basis" on which to challenge Braune's affidavit. In response, counsel pointed only to its inconsistency with the prior affidavit. The court responded that "there is a presumptive quality to what is being submitted. Absent a request for an ability to challenge the evidentiary value and weight to be given presumptively, I rely on unchallenged submissions such as this affidavit." The defendants' counsel then requested an evidentiary hearing but indicated that he would not be offering any evidence to contradict the affidavit.

The court then ruled in relevant part: "Absent any proffer of evidence that challenges the validity or accuracy of the most recent affidavit . . . I believe I am entitled to and should proceed on the basis of the affidavit as submitted absent a claim that you're going to be offering evidence to challenge those numbers." The court issued an order reentering the judgment of strict foreclosure, in which it reset the law days and found the outstanding debt to be $796,922.47.[6]

On appeal, the defendants claim that the court improperly relied on Braune's March 3, 2016 affidavit in calculating the debt. In response, the plaintiff argues that, irrespective of the merits of that claim, the defendants cannot demonstrate that they were substantially prejudiced by the court's evidentiary ruling. We agree with the plaintiff.

The standard governing such claims is well established. "Our standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . Additionally, it is well settled that even if the evidence was improperly admitted, the [defendant] must also establish that the ruling was harmful and likely to affect the result of the trial." (Internal quotation marks omitted.) *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 797, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006).

The record reflects that the trial court rendered a judgment of strict foreclosure on June 8, 2015. At that time, the court, without objection by the defendants, determined the outstanding debt to be $801,498.16. Ultimately, the defendants' filing of a bankruptcy petition precluded that foreclosure from proceeding.

Following the January 7, 2016 order of the bankruptcy court granting the plaintiff relief to exercise its right to foreclose on the property, the plaintiff moved for a reentry of the judgment of strict foreclosure, which necessitated a resetting of the law days and a recalculation of the debt. Although more than nine months had passed, during which additional interest had accrued, the plaintiff nonetheless submitted an updated calculation of debt and an accompanying affidavit that set forth a total due that was thousands of dollars *less* than the debt previously set by the court. When pressed by the court as to how that reduction in the amount owed to the plaintiff prejudiced the defendants, the defendants' counsel provided no answer. Furthermore, although the court considered conducting an evidentiary hearing on the matter, it declined to do so in light of the defendants' affirmation that they would not be offering any additional evidence to challenge the figures set forth in Braune's affidavit.

On appeal, the defendants have articulated no colorable claim of prejudice. Although the plaintiff argued in its appellate brief that "[t]here was effectively no harm to the defendants by the trial court's decision," the defendants did not rebut that contention. On our review of the record, we can discern no substantial prejudice to the defendants. Moreover, we are mindful that "[a] foreclosure action is an equitable proceeding . . . [and the] determination of what equity requires is a matter for the discretion of the trial court." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Angle*, 284 Conn. 322, 326, 933 A.2d 1143 (2007). We conclude that the defendants have not demonstrated that the trial court abused its discretion in the present case.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Although Sophia Savvidis, Progressive Credit Union, and Norwalk Hospital also were named as defendants in the plaintiff's complaint, none of those defendants have appealed from the judgment of the trial court. We, therefore, refer to Athina Savvidis and Anastasios Savvidis as the defendants in this opinion.

[2] The plaintiff is the trustee of the Certificate Holders of CHL Mortgage Pass-Through Trust 2003-15.

[3] America's Wholesaler Lender is the trade name of Countrywide Home Loans, Inc. *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 475, 866 A.2d 698 (2005).

[4] General Statutes § 49-15 (b) provides in relevant part: "Upon the filing of a bankruptcy petition by a mortgagor under Title 11 . . . any judgment against the mortgagor foreclosing the title to real estate by strict foreclosure shall be opened automatically without action by any party or the court, provided, the provisions of such judgment, other than the establishment of law days, shall not be set aside under this subsection, provided no such judgment shall be opened after the title has become absolute in any encumbrancer or the mortgagee, or any person claiming under such encumbrancer or mortgagee. The mortgagor shall file a copy of the bankruptcy petition, or an affidavit setting forth the date the bankruptcy petition was filed, with the clerk of the court in which the foreclosure matter is pending. . . ."

[5] In her affidavit, Harvey indicated that Bank of America N.A. was "the

plaintiff's servicing agent for the subject loan . . . ."

[6] That figure is $4575.69 less than the debt set by the court nine months earlier.

———————————————